### ALBERT WATTS *vs.* JAMES STEVENSON.

Suffolk.   March 13, 1896.·— April 1, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Failure of Consideration — Evidence — Trial.*

In an action upon a promissory note, the defence to which was failure of consideration, it appeared that the note was given in payment for the stock in a corporation, the principal assets of which were certain patents for police signal apparatus.   The defendant testified, in his direct examination, that the stock and patents were worthless, because the patents were infringements of the patents of another corporation, most of whose stock had been purchased by him.   The plaintiff was allowed, on cross-examination, to ask the defendant whether he had ever compared the two corporations and told a third person which he thought was the more valuable; whether he had ever told such person that he asked a higher price for the first named than the other; and whether he knew that a certain city had made offers for apparatus of the first named corporation since he owned it and which he had not filled; all of which were answered in the negative.   *Held*, that no error appeared.

It is within the discretion of the judge presiding at a trial, with the consent of the plaintiff, to give an instruction to the jury more favorable to the defendant than that which he had previously expressed an intention to give; and if the judge gives the defendant an opportunity to reopen the case, and to introduce further evidence upon the question presented by the change in the ruling, and the defendant, some of whose witnesses had then left the court-room, declines to accept the offer then to reopen the case and elects to go on with his argument, no error of law appears.

If a promissory note is given in payment for stock in a corporation, the principal assets of which are certain patents, and the maker of the note receives the stock, it is immaterial, in an action upon the note, the defence to which is failure of consideration, that the patents are worthless, in the absence of a warranty or of fraud.

CONTRACT, upon three promissory notes for $5,000 each, dated April 1, 1892, payable to the order of the plaintiff in six

months, nine months, and one year, respectively, and signed by the defendant. The answer set up that the notes were given without consideration, and that the defendant was induced to give the notes by the false and fraudulent representations of the plaintiff. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows.

The notes were given as consideration for the purchase of the stock in a corporation called the " Metropolitan Duplex Fire and Police Signal Company," the principal assets of which the plaintiff alleged and presented evidence to show were certain patents for police signal apparatus. The defendant, having given in his direct examination evidence tending to show that the stock and patents were worthless, because the patents were infringements upon the patents of a certain other system known as the " Municipal Signal System," the bulk of the stock in which was purchased by the defendant subsequently to the making of the notes, and were therefore of no value, was asked by the plaintiff's counsel, on cross-examination, the following questions :

" *Q.* Did you ever compare it (i. e. the Metropolitan Duplex Fire and Police Signal Company) with the Municipal, and tell him (Mr. Chapman) which you thought was the more valuable ? *A.* No, sir; I don't remember of my ever saying so to Mr. Chapman.

" *Q.* Did you ever tell Mr. Chapman that you asked one hundred and fifty thousand dollars for the Duplex, and one hundred thousand dollars for the Municipal Company ? *A.* No, sir.

" *Q.* Do you know of the city of Boston having made offers for apparatus of the Duplex Company since you have owned it, and which you have not filled ? *A.* I do not."

To all these questions and answers the defendant objected, but the judge admitted them; and the defendant excepted.

At various times during the progress of the trial the judge stated to the counsel and jury that, so far as the first ground of defence was concerned, he should rule and instruct the jury that, as matter of law, there was ample consideration for the notes, it not being the case of a purchase of certain invalid rights themselves, but being in fact a purchase of stock in a company whose principal assets, and it may be sole assets, were

certain invalid patent rights.  During the cross-examination by the defendant of one Churchill, a patent expert, who had given testimony in his direct examination by the plaintiff as to the validity and usefulness of the patent rights, the judge ordered the defendant's counsel to restrict the trial to the branch of the case concerning the charges of fraudulent representation, for the reasons above stated; thereupon the defendant excepted, and thereafter no further attempt was made to introduce evidence of the invalidity of the patents or their lack of value.

After the plaintiff and defendant had rested their cases, and at the beginning of the argument for the defence, upon certain remarks being made by the judge, the plaintiff consented that the case should be treated as if it had been the purchase of the patents instead of stock in the corporation.  Upon the counsel for the defendant protesting that, owing to the ruling of the judge during the course of the trial, much of the evidence relating to the validity and usefulness of the patents had been excluded, the judge consented that the case might be reopened for any further evidence on that subject.  The defendant's counsel stated that, owing to the absence of many of the witnesses, who had been dismissed upon the closing of the testimony, and the undue prejudice to his case by such a changed form and course in the conduct of the case, the defendant declined to accept the offer then to reopen the case, and elected to go on with his argument; and excepted to the action of the judge.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*R. W. Nason*, for the defendant.

*F. T. Benner*, for the plaintiff.

KNOWLTON, J.  1. The defendant has no valid exception to the admission of the questions and answers put to him in cross-examination.'  The judge, in the exercise of his discretion, might well permit the questions to be put, with a view to elicit evidence tending to contradict the defendant's testimony· on the direct examination that the stock and patents of the Duplex Company were worthless because the company's patents were infringements of the patents of the Municipal Company, most of whose stock had been purchased by him.  But if the questions had been incompetent it would still have been our duty to over-

rule this exception, on the ground that the answers introduced no evidence that did the defendant any harm. The answers denied the existence of any of the supposed facts sought to be proved by the plaintiff, and contained nothing that could be used against the defendant.

2. It was within the discretion of the judge, with the consent of the plaintiff's counsel, to give an instruction to the jury more favorable to the defendant than that which he had previously expressed an intention to give. *Eldridge* v. *Hawley*, 115 Mass. 410, 412. *Providence & Worcester Railroad* v. *Worcester*, 155 Mass. 35, 41. .He gave the defendant an opportunity to reopen the case, and to introduce further evidence upon the question presented by the change in the ruling. Although some of the defendant's witnesses had then left the court-room, it is to be assumed that the judge would have given him any reasonable time necessary to enable him to procure all known evidence bearing upon the question. The defendant declined to accept the offer then to reopen the case, and elected to go on with his argument. He fails to show that there was any error of law in the action of the judge, and it does not appear, nor can the defendant be heard to say, that the judicial discretion was exercised unwisely.

There is another distinct ground upon which this exception might be overruled. The subject to which the alleged error relates is the opening to the defendant of a defence which, but for the plaintiff's consent, the judge would have ruled out as inapplicable to the case. If the defendant was not entitled to rely upon this defence, he has no legal ground of objection that it was not opened to him in so favorable a way as he desired. We are of opinion that it was not properly open, on the evidence. Upon that part of his case which set up the failure of the consideration of the notes, as distinguished from his allegations of fraud, it was immaterial that the patents owned by the corporation were worthless. He got the stock which he bargained for, and in the absence of a warranty or of fraud, the value of it was of no consequence. *Hunting* v. *Downer*, 151 Mass. 275, 277, and cases cited.

*Exceptions overruled.*