MAUDE M. WELLS *vs.* PERCY D. WELLS.

SAME *v.* SAME.

Suffolk.    March 10, 1911. — June 19, 1911.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Judgment. Decree. Marriage and Divorce. Evidence*, Of judgment of another State. *Practice, Civil*, Hearing by judge without jury, Conduct of trial: reopening of hearing.

A decree of a court of another State for the payment of a fixed sum of money found to be due and payable at the date of the decree to a wife for the past support of herself and her minor child is to be regarded, *prima facie* at least, as a final decree, although an order for future payments as a provision for future support, being liable ordinarily to modification at any time, is subject to the control of the court which made the order and so is not a final order for the payment of a fixed sum.

A court of Michigan having jurisdiction of the parties in chancery proceedings granted a divorce to a wife and ordered that the husband pay her a certain

fixed sum each month for five years "as permanent alimony," that during a
part of the year a minor child of the parties should be with his mother and
during the rest of the time with a grandmother, the mother of the husband, and
that, while the child was with the grandmother, the husband should pay for his
support. The husband became in arrears in the payment of the fixed alimony
and, the grandmother dying, the wife took exclusive custody of the child and
paid out sums for his support. Thereupon, over two years after the original
decree of divorce, upon petition of the wife, the Michigan court made a decree
determining the amount of alimony due in arrears, "allowing" a certain sum to
the wife "for schooling and medical attendance upon said child . . . to this
time" and ordering execution against the husband for both sums, and the wife
brought an action upon the decree in this Commonwealth, at the hearing of
which by a judge without a jury the statutes of Michigan and decisions of the
Supreme Court of Michigan were introduced in evidence, as well as testimony
of a qualified expert that the decree of the Michigan court was a "final de-
cree." The judge found for the plaintiff, and this court, after a review of the
evidence including the decisions of the Michigan Supreme Court, *held*, that the
finding was warranted by the evidence.

A court of Michigan having jurisdiction of the parties in chancery proceedings
granted a divorce to a wife and ordered that the husband pay her a certain fixed
sum each month for five years "as permanent alimony," that during a part of
the year a minor child of the parties should be with his mother and during the
rest of the time with a grandmother, the mother of the husband, and that, while
the child was with the grandmother, the husband should pay for his support.
The husband became in arrears in the payment of the fixed alimony, and, the
grandmother dying, the wife took exclusive custody of the child and paid out
sums for his support. Thereupon, over two years after the original decree of
divorce, upon petition of the wife, the Michigan court made a decree determin-
ing the amount of alimony due in arrears, "allowing" a certain sum to the wife
"for schooling and medical attendance upon said child . . . to this time" and
ordering execution against the husband for both sums, and the wife brought an
action upon the decree in this Commonwealth, at the hearing of which by a judge
without a jury it appeared that the only notice to the defendant of the pendency
of the petition for the decree which was the subject of the action in this Com-
monwealth was by a notice to one who had been his counsel in the original
divorce proceedings, and there was undisputed evidence introduced by the de-
fendant that, immediately after the original decree in the divorce proceedings, the
authority of such counsel had been terminated, although his appearance had
not been withdrawn from the court docket. There was testimony of a qualified
expert for the plaintiff as to the law of Michigan, which was controverted, that
"in a case in chancery an appearance continued indefinitely." The judge ruled
that, "upon the undisputed evidence in the case, the decree of the Michigan
court . . . is entitled to full faith and credit under the United States Constitu-
tion." The defendant alleged exceptions and contended that on the undisputed
evidence there was no proper service upon the defendant of notice of the peti-
tion upon which the decree sued on was based. *Held*, that the petition was not
a new or original proceeding, but was incidental to the original divorce suit, and
that, the defendant having been properly before the court originally, no further
personal service upon him was necessary, and that, on the evidence before him,
the trial judge was warranted in finding that the defendant had sufficient notice
of the petition in the Michigan court.

A number of copies of papers filed in divorce proceedings between certain parties

in a court of Michigan, bound together and bearing a certificate of the clerk of the court in which the proceeding was that "the writings annexed are true copies of originals on file and of record in [his] office, and that said originals, together, constitute the record of the proceedings of said court in this cause," is a proper record under R. L. c. 175, §71, to prove the record of the Michigan court in an action at law in this Commonwealth upon a decree therein for alimony and money expended for the support of a minor child, although by a copy of the "calendar entries" in such proceedings, which was one of the papers included in those thus bound together, it appears that there were not included among the papers offered copies of some papers on file with the clerk of the Michigan court.

An action upon a decree of a Michigan court, in which were involved questions as to the law of Michigan, was tried before a judge without a jury, and an expert from Michigan testified and was cross-examined. About a month after the case had been argued fully by counsel and after the expert had returned to Michigan, the judge sent for both parties and told them what his opinion then was on the matters in issue, stating among other things that he was not satisfied that proper service had been made upon the defendant, and that, if he could be satisfied on that matter, he should find for the plaintiff. On application by the plaintiff and subject to an exception by the defendant, the case thereupon was reopened, a deposition upon written interrogatories of another expert in Michigan was taken, and the case was reheard and judgment rendered for the plaintiff. *Held*, that the action of the judge in reopening the case was within his power and was not the subject of exception.

TWO ACTIONS OF CONTRACT, upon two decrees of the Circuit Court for the County of Wayne in the State of Michigan in Chancery, dated respectively April 20, 1908, and February 23, 1909, for arrears of alimony and for sums spent by the plaintiff for the support and maintenance of a minor child of the parties, the decrees being entered in divorce proceedings in which a decree originally was entered on October 6, 1905. Writs dated, respectively, April 24, 1908, and March 5, 1909.

The cases were heard together by *Bond*, J., without a jury.

The plaintiff offered in evidence fifteen documents, including copies of all material petitions and decrees of the Michigan court and a copy of the calendar entries in the divorce proceedings in Michigan, the documents being bound together as one document, on the outside of which was the following certificate, which was signed by Thomas F. Farrell, clerk of the Circuit Court for the County of Wayne and State of Michigan, and which bore the seal of that court: "I, Thomas F. Farrell, clerk of said court, do hereby certify that the writings annexed to this certificate are true copies of originals on file and of record in said office, and that said originals, together, constitute the record of the pro-

ceedings of said court in this cause." The defendant objected
to the admission of the document in evidence (1) because on its
face it appeared that it was not a complete record; (2) because
it was not an extended record; (3) because the decrees attempted
to be proved were interlocutory and not final, and (4) because
the record did not show proper service upon the defendant of
the petitions seeking the decrees upon which the actions being
tried were based. The objections of the defendant were over-
ruled, the document was admitted in evidence and the defendant
excepted.

From documentary evidence it appeared that the original
decree of divorce of the Michigan court directed the defendant
in these actions to pay to the plaintiff "as permanent alimony "
" the sum of thirty-five dollars per month, beginning November 9,
1905, payable at the end of each month thereafter, monthly, for
five years from and after October 9, 1905, the payment of such
alimony to be in full of all interest in defendant's property, and
all dower interest." It also provided that the plaintiff should
" be awarded the custody of " the minor child of the parties " dur-
ing each summer vacation from the close of the graded public
school in the summer until the opening of such school in the fall,
and that she " should " also have her during the Christmas and
spring vacations. The remainder of each year the grandmother
of said child, Annie Wells," was given the custody of the child.
The defendant was ordered to provide the clothes and neces-
saries for such child, and board for her while she was with Annie
Wells.

The petition upon which the decree in the first action was
based alleged that the defendant owed the plaintiff as arrears of
alimony $335, and that, owing to a change in the circumstances
of the parties due to the death of Annie Wells, the plaintiff had
continuous custody of the minor child and had been to an expense
of $250 for her maintenance; and the first decree " ordered, ad-
judged and decreed " (1) that " there was due " to the plaintiff
$335 " heretofore ordered to be paid to " her; (2) " that she be
and is hereby allowed the sum of $250 for schooling and medical
attendance upon said child of said parties to this time, which
said sum shall be paid by " the defendant to the plaintiff " forth-
with; " (3) " It is further ordered that execution issue from this

court for the said sum of $335 and $250, a total of $585, in favor of" the plaintiff and against the defendant.

The decree in the second action " ordered, adjudged and decreed " (1) that the defendant owed the plaintiff $245 " heretofore ordered paid to " her " as permanent alimony "; (2) " that she be and is hereby allowed the sum of $130 for schooling and keeping said child of said parties from April 20, 1908, to this time," which sum was ordered to be paid by the defendant to the plaintiff forthwith; (3) and it was ordered further " that execution issue from this court for the said sum of $245 and $130, a total of $375, in favor of" the plaintiff and against the defendant, " this allowance being to January 9, 1909, and is in addition to the $585 found due " the plaintiff " on February 20, 1908, which order and decree is hereby ratified. It is ordered that execution issue therefor. "

The " qualified expert " referred to in the opinion testified that, " under the law of Michigan " the decrees of the Michigan court of April 20, 1908, and February 23, 1909, were final decrees. He also stated that " in a case in chancery an appearance continued indefinitely. My opinion is based on practice and on *Coon* v. *Plymouth Plank Road Co.* 32 Mich. 248."

It was undisputed that the defendant was served with process in the original proceedings in the Michigan court and was represented by counsel therein up to the decree of October 6, 1905; that the counsels' appearance remained upon the docket in the case until after the decree of April 20, 1908, and that they were given notice of the petition upon which that decree was based. Evidence of the defendant, which was undisputed, tended to show that the authority of his counsel to appear or to act for him was withdrawn immediately after the decree in 1905. Notice of the petition upon which the decree of February 23, 1909, was based was served upon the defendant in Boston.

The cases were heard on November 29 and 30, 1909, and fully argued, both parties making in writing requests for findings of fact and for rulings of law. On December 21, 1909, " the presiding judge sent for counsel for both parties, and stated that he was of opinion that that portion of the decrees of the Michigan Court which referred to overdue alimony constituted a judgment to which he must give full faith and credit, but that

as to so much of them as referred to allowances for support and maintenance of the child, he did not feel the same way. He also stated, however, that he nevertheless should find for the plaintiff if he could be satisfied that proper service or notice of the petitions upon which the decrees were based was given to the defendant, that he was not at the time satisfied that such service or notice was given. On application of the plaintiff's counsel, however, and subject to an exception by the defendant, he said that he would hear further evidence." Thereafter the deposition of the witness Golden was taken and introduced in evidence as well as a copy of the rules of the circuit courts of Michigan.

In answer to a hypothetical question in a cross-interrogatory by the defendant the witness Golden stated that, if he assumed " that shortly after the entry of the decree in October, 1905, the authority of the defendant's solicitors to represent him in any way was withdrawn and all relations between them and the defendant had ceased; that in reply to" a notice which was " sent to the defendant's so-called solicitors in April of 1908, the plaintiff's solicitors received information that the so-called defendant's solicitors were not his solicitors any longer and were not authorized to receive any notice with regard to him or with regard to said divorce proceedings," he would be " of the opinion that" such notice " would not be good service if there was not personal service of the notice upon the defendant." The information sent by the defendant's former solicitors in Michigan to the plaintiff's solicitor in reply to the notice of the pendency of the first petition was on a postal card which read as follows: " I am in receipt of petition and notice of hearing of the same for the 20th. I hardly know what to say in relation to the matter. I am trying to get into touch with Mr. Wells and wish that you would let the matter stand over for one week until I can hear from him. While I was a solicitor of record in the case, I have not been in touch with Mr. Wells for some time, so I do not feel that I have any authority or right to represent him until I can hear from him. I will thank you to let me know as to whether this is agreeable to you."

The fifth ruling asked for by the defendant and mentioned in the opinion was as follows: " 5. If this court finds that the

decree by the Michigan court is invalid as to part of the matters therein contained, the finding must be for the defendant."

The presiding judge at the request of the plaintiff made the following among other rulings: "Upon the undisputed evidence in the case, the decree of the Michigan court, a copy of which is annexed to the plaintiff's declaration, is entitled to full faith and credit under the United States Constitution, Art. IV., § 1."

The judge found for the plaintiff in both actions; and the defendant alleged exceptions.

Other facts are stated in the opinion.

*E. V. Grabill,* for the defendant.

*E. Field,* (*H. L. Brown* with him,) for the plaintiff.

SHELDON, J. 1. The fundamental question in these cases is whether an action can be maintained in this Commonwealth upon the decrees of the Circuit Court of Michigan which are declared on. If they are final decrees for the payment of ascertained sums of money constituting a debt of record, they are entitled to full faith and credit in every State and may be enforced by suit in the same way as any other judgments or decrees. And, while there has been some difference in the decisions, we regard it as now settled that *prima facie* at least a decree for the payment of a fixed sum of money found to be already due and payable to a wife for the past support of herself and her children is to be regarded as a final decree, although an order for future payments as a provision for future support, being ordinarily liable to modification at any time, is subject to the control of the court which made the order, and so is not a final order for the payment of a fixed sum. That was the conclusion reached by this court in a carefully considered opinion. *Page* v. *Page,* 189 Mass. 85. It is supported by other decisions. *Purdon* v. *Blinn,* 192 Mass. 387, and cases cited. *Knapp* v. *Knapp,* 134 Mass. 353. *McIlroy* v. *McIlroy,* 208 Mass. 458. *Mayer* v. *Mayer,* 154 Mich. 386. *Trowbridge* v. *Spinning,* 23 Wash. 48. *Lynde* v. *Lynde,* 181 U. S. 183, and 162 N. Y. 405.

The defendant contends, however, that under the law of Michigan these decrees were not final, because under the statutes of that State they might at any time, upon the petition of either party, be revised and altered. 3 Mich. Comp. Laws

(1897), §§ 8630–8641. Upon this question at the trial each party put in evidence, besides these statutes, certain decisions of the Supreme Court of Michigan and there was testimony of a qualified expert. Among these decisions were the following : In *Nixon* v. *Wright*, 146 Mich. 231, it was held that an order for alimony in a decree for divorce, being subject to modification at any time by the court which made it (§ 8641, *ubi supra*), and that court having full power to enforce it, is not such a judgment for money that an action at law can be maintained upon it. The point decided went no further than our decision in *Allen* v. *Allen*, 100 Mass. 373, and does not settle the question before us. But the language of the opinion tends to sustain the defendant's contention. In *Jordan* v. *Westerman*, 62 Mich. 170, there is a *dictum* that a decree for alimony vests in a wife no absolute right thereto. In *Perkins* v. *Perkins*, 10 Mich. 425, there is a similar *dictum*, and it was held that an order of the Circuit Court, opening an order for alimony and ordering a reference to a commissioner to hear evidence and make report to the court, was not a final decree from which an appeal could be taken to the Supreme Court. But it seems to be implied in the opinion that an order for past alimony made upon the coming in of the report would be such a final decree. In *Mayer* v. *Mayer*, 154 Mich. 386, an action was sustained for arrears of payments ordered by an Oklahoma court to be made to a wife in a divorce case for her own support, but she was not allowed to recover arrears of payments, which the defendant had been ordered to make to her for the support of their children on the ground that these were subject to revision at any time by the Oklahoma court. This refusal was on the same reasoning as our decision in *Page* v. *Page*, 189 Mass. 85, and scarcely helps the defendant. But in *Martin* v. *Thison*, 153 Mich. 516, it was held that an award of alimony to a divorced wife is a valid claim against the estate of her deceased husband. This agrees with our decision in *Knapp* v. *Knapp*, 134 Mass. 353. And in *Ulman* v. *Ulman*, 148 Mich. 353, a bill was maintained to collect out of land in one county a fixed amount which had been decreed for alimony in a suit for divorce in another county. It was decided also that the order for alimony was none the less a final decree because it might be modified by the court which had

entered it. The court said: "Authorities are abundant which hold that such a decree, for a fixed sum, is a judgment of record, and will be received by other courts as such. And such a decree rendered in any State of the United States will be carried into judgment in any other State. *Lynde* v. *Lynde*, 162 N. Y. 405; affirmed, 181 U. S. 183. *Barber* v. *Barber*, 21 How. 582. . . . It is urged that the statute (§ 8641, 3 Comp. Laws) gives to the court which renders the decree creating the lien power to modify its decree, and thereby destroys its character as a final decree enforceable in any other forum. We do not agree with this contention," citing *Trowbridge* v. *Spinning*, 23 Wash. 48, to the same effect.

Upon this evidence, with the oral testimony of Baldwin and the other evidence stated in the exceptions, the judge had a right to find, and it now must be taken that he finally did find, that these decrees were final adjudications which might have been appealed from. As this was a question of fact and there was evidence which warranted the finding, we cannot revise it.

2. The defendant contends that these decrees were entered without any proper or sufficient notice to him, and so that they are not binding upon him. In our opinion, these petitions were not new or independent proceedings, but were merely incidental to the original suit, of which he had had due notice and in which he had entered an appearance. The court doubtless would take care that proper steps were taken to give him knowledge of these proceedings, but it was not necessary that personal service should be made upon him as if new actions had been instituted, unless the laws of Michigan so required. The petitions asked only for further proceedings in the original action, proceedings which were authorized and contemplated by the terms of the statute under which the original action had been brought. The general rule is that in such a case no new personal service is needed. *Nations* v. *Johnson*, 24 How. 195. *Fitzsimmons* v. *Johnson*, 90 Tenn. 416, cited with approval in *Pennoyer* v. *Neff*, 95 U. S. 714, 734. *Laing* v. *Rigney*, 160 U. S. 531. 2 Freem. Judgments, (4th ed.) § 569. 2 Black, Judgments, § 912. In *Lynde* v. *Lynde*, 162 N. Y. 405, and 181 U. S. 183, the decree for past alimony which was sustained was entered upon the same kind of notice to the defendant that was given to this defendant

upon the petition on which the second decree here was entered. Upon the Michigan statutes and decisions and rules of court and the oral evidence before him the judge was well warranted in finding that this general rule was recognized in Michigan and governed the proceedings that had been taken. It followed that the defendant had sufficient notice of both the petitions upon which the decrees sued on were made.

3. The record offered in evidence was rightly admitted. It was not denied that it was duly attested and authenticated. It came fully within the rules of *Brainard* v. *Fowler*, 119 Mass. 262, and *Knapp* v. *Abell*, 10 Allen, 485. The objection is that the copies contained in the record did not include certain papers which appeared by the "calendar entries" to have been filed in the case. But the certificate was that "the writings annexed are true copies of originals on file and of record . . . and that said originals together constitute the record of the proceedings" of the court. We cannot say against this certificate that the missing papers were part of the record. Every paper put on the files is not necessarily a part of the record. As to what was apparently a clerical error in the second decree sued in, by misreciting the date of the decree declared on in the first case, that does not seem to us important or material.

4. Under these circumstances the ruling that upon the uncontroverted evidence the decrees of the Michigan court were entitled to full faith and credit was not erroneous. Nor do we find any material error in the rulings or refusals to rule which were excepted to. We need not consider whether the defendant's fifth request was correct as an abstract proposition. The refusal to make specific findings of fact was not the subject of exception. *Jaquith* v. *Morrill*, 204 Mass. 181.

5. It was for the judge to decide whether he would reopen the case to allow further evidence to be taken. His conclusion is not the subject of exception. *Watts* v. *Stevenson*, 165 Mass. 518. There was no error of law, after the reopening, in admitting Golden's deposition, and the interrogatories therein specifically objected to were not objectionable.

In each case the exceptions must be overruled.

*So ordered.*