THE STATE OF NEVADA, UPON THE RELATION OF WALLACE GROVES, RELATOR, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ORMSBY, AND HONORABLE CLARK J. GUILD, THE JUDGE THEREOF, RESPONDENTS.

No. 3353

May 12, 1942.

125 P. (2d) 723.

*Springmeyer & Thompson,* of Reno, for Relator.

*Wm. J. Cashill,* of Reno, for Respondents.

## OPINION

By the Court, TABER, J.:

On the 12th of June 1937 Monaei Lindley Groves, as plaintiff, was awarded a decree of divorce from relator, Wallace Groves. The decree contained provisions relating to the custody and support of a minor child, and provided that future differences regarding the child were to be settled by arbitration. Plaintiff's maiden name, Monaei Lindley, was restored to her by the decree. Plaintiff and the child have continued their domicile in Nevada. It does not appear that defendant ever was a resident of this state.

On the 2d day of August 1940 plaintiff noticed a

motion for an order of the trial court modifying, changing, and amending certain portions of said decree dealing with the custody, support, and well-being of said minor child. On the same day she noticed another motion for an order of said court requiring defendant (relator herein) to pay plaintiff's attorney for his services to be performed in preparing and presenting said motion for modification. The notices of said motions were served upon George Springmeyer, attorney of record for the defendant in said divorce action. No other notice of either motion was served or given.

At the time set for the hearings Mr. Springmeyer, appearing "specially on behalf of the defendant, not otherwise," objected to the hearing of the motions and to the court's hearing any evidence on behalf of the plaintiff in support thereof, upon the grounds, among others, (1) that no service of process or notice had been made upon the defendant in person, or upon any one authorized by him or with authority in law to accept service of process, and (2) that the court was without any jurisdiction or authority to award any attorney's fees for services in presenting such motions. Thereafter defendant's objections to the hearing of the motion to modify the decree were overruled, and defendant ordered to pay plaintiff's counsel, within a specified time, a preliminary attorney's fee for services in presenting said motion for modification. Thereupon defendant applied to this court for a writ of prohibition, praying that the trial court be restrained from any further proceedings in the premises. Messrs. Springmeyer & Thompson are attorneys for petitioner in this proceeding.

At the same time that the petition for prohibition was filed, and in connection therewith, Mr. Springmeyer also filed an affidavit for the purpose of showing: that the fee agreed upon and paid him was for services to and including the entry of a decree of absolute divorce only; that in the spring of 1940 affiant was

notified by the New York attorney who had employed him and been associated with him in the divorce action, that neither he nor any other person had authority to represent Mr. Groves in the event that Monaei Lindley should apply for a modification of the divorce decree, and that neither he nor any other person had authority to appear for Mr. Groves in said matter or to accept service of any notice, process, or other papers on his behalf; that thereafter certain notices and other papers in connection with the modification of the divorce decree were served upon affiant, who thereupon notified said New York attorney; that the latter again informed affiant that he had no authority to enter a general appearance on behalf of Mr. Groves, but directed affiant to appear specially and object to the jurisdiction of the court.

On January 9, 1942, respondents filed a demurrer to relator's petition and an answer thereto. At the same time they moved for allowance of an attorney's fee for work and services to be performed for the minor child in preparing for and presenting a defense to said petition.

Relator contends that the decree of June 12, 1937, was a final decree, not only as to severance of the marital tie but also with respect to the provisions relating to the custody and control of the minor child; that plaintiff's application for modification of the decree is in the nature of a new proceeding, and notice of the hearing must therefore be served upon the defendant, not upon his attorney; that an order modifying provisions respecting the custody or control of minor children involves substantial rights, and notice of the hearing of an application for such order cannot legally be served upon an attorney, the rule being that only papers on technical formalities may be served upon an authorized attorney and then only after the adverse party has been brought into court by writ, process, or other papers, or has filed appearance; that, except as to technical

formalities such as those concerning cost bills, notices of motions for new trials, and notices of appeal which arise out of final judgment, the authority of an attorney terminates with the entry of final judgment, regardless of whether there is either reserved or inherent jurisdiction to modify.

In support of their position that service of notice on defendant's attorney of record in the divorce action was sufficient to give the trial court jurisdiction to hear and determine the motion to modify, respondents argue that: "A. Whether service on George Springmeyer, as attorney of record for defendant in the original divorce proceeding was proper upon a motion to modify the decree was a question of fact for the lower court to decide and the court's decision finding George Springmeyer to be the proper person to serve in the proceeding should be upheld; B. Even if it is assumed that the propriety of service upon defendant's attorney is not a question of fact for the lower court to decide, it is clear that service upon the attorney of record in an original divorce proceeding is sufficient to give notice to defendant of motions to modify the decree."

■ District courts have jurisdiction, for good cause shown, to modify provisions in divorce decrees respecting the custody of minor children, after entry of such decrees, at any time during the minority of such children. State ex rel. Jones v. Second Judicial District Court, 59 Nev. 460, 96 P.(2d) 1096, 98 P. (2d) 1096.

■ The application for such order of modification may be made by motion in the original action. Moore v. Superior Court, 203 Cal. 238, 263 P. 1009; Cornelison v. Cornelison, 53 Idaho 266, 23 P.(2d) 252; Purdy v. Ernst, 93 Kan. 157, 143 P. 429; Wells v. Wells, 209 Mass. 282, 95 N. E. 845, 35 L. R. A. (N. S.) 561; Wald v. Wald, 168 Mo. App. 377, 151 S. W. 786; Thornton v. Thornton, 221 Mo. App. 1199, 2 S. W. (2d) 821; Rogers v. Rogers, 51 Ohio St. 1, 36 N. E. 310; Karren v. Karren, 25 Utah 87, 69 P. 465, 60 L. R. A. 294, 95 Am.

St. Rep. 815; Leonard v. Willcox, 101 Vt. 195, 142 A. 762; 19 C. J. p. 352, n. 56, p. 359, n. 77; 27 C. J. S., Divorce, sec. 322; 17 Am. Jur. p. 519, n. 11.

■ Before such order of modification can be made, proper notice of the application must be given to the adverse party. Abell v. Second Judicial District Court, 58 Nev. 89, 71 P.(2d) 111.

■ The main question in this case is whether service upon Mr. Springmeyer of plaintiff's notice of motion for an order modifying the divorce decree gave the district court jurisdiction to hear and determine that motion. It cannot be laid down as a categorical rule applicable to all cases that service of notice of a motion to modify provisions in a divorce decree relating to the custody or control of minor children, made upon the attorney of record in the original divorce action, is never sufficient, nor that such service is always sufficient, to confer upon the trial court jurisdiction to entertain such a motion. If the attorney of record for the adverse party in the original divorce action is still representing that party at the time notice of motion to modify is served upon him, the trial court acquires jurisdiction to hear the motion. Moore v. Superior Court, supra; Bancroft's Code Pl., Pr. and Rem., 10-year Supp., vol. 4, p. 3453, sec. 4728, n. 3. In a case in Illinois, one of the jurisdictions relied on by relator, service on the attorney of record in the original divorce action was held sufficient when considered with other facts and circumstances. McNab v. Dunsmure, 274 Ill. App. 560. In another Illinois case, under different circumstances, such service was held insufficient. Cummer v. Cummer, 283 Ill. App. 220.

■ It is not correct to say that in a case of this kind the divorce decree is final in all respects. It is conclusive as to the severance of the marriage tie and, even with respect to the custody of children, the decree is final under conditions existing at the time it is rendered. Abell v. Second Judicial District Court, supra. But after

rendition of the decree, conditions having changed, the trial court retains jurisdiction to modify the decree with respect to the custody of minor children; also with respect to the support of such children when jurisdiction as to such support has been reserved in the decree. State ex rel. Jones v. Second Judicial District Court, supra; Fleming v. Fleming, 58 Nev. 179, 72 P.(2d) 1110. In these respects the decree is not final. Moore v. Superior Court, supra; Hersey v. Hersey, 271 Mass. 545, 171 N. E. 815, 70 A. L. R. 518; State ex rel. Shoemaker v. Hall, Mo. Sup., 257 S. W. 1047; Keezer on Marriage and Divorce (2d ed.) p. 114, sec. 594, n. 68.

■ By the great weight of authority an application for modification of provisions of a divorce decree respecting custody of minor children is a supplementary proceeding, incident to the original suit; it is not an independent proceeding or the commencement of a new action. The jurisdiction to order such modifications is a continuing one. Franklin v. Bonner, 201 Iowa 516, 207 N. W. 778; Wells v. Wells, 209 Mass. 282, 95 N. E. 845, 35 L. R. A. (N. S.) 561; Nunnink v. Nunnink, Mo. App., 257 S. E. 832; State v. Superior Court, 193 Wash. 74, 74 P.(2d) 888; Laumeier v. Laumeier, 308 Mo. 201, 271 S. W. 481; Stoner v. Weiss, 96 Okl. 285, 222 P. 547; Gifford v. Gifford, 50 Idaho 517, 297 P. 1100. See also Fleming v. Fleming, Rogers v. Rogers, Thornton v. Thornton and Leonard v. Willcox, cited earlier in this opinion.

Relator contends that proceedings for modification of provisions of a divorce decree respecting custody of minor children are in the nature of new proceedings, and cites Abell v. Second Judicial District Court, supra [58 Nev. 89, 71 P.(2d) 113], wherein this court said: "As stated by an eminent authority: 'Proceedings for modification (as to custody) are in the nature of new proceedings and require proper notice to the opposite party, and new evidence not available in the divorce suit.' 2 Schouler, Marriage and Divorce (6th ed.), sec. 1899."

In the Abell case no notice at all was given the husband. What was decided in that case is that the trial court is without power to modify provisions of a divorce decree relating to the custody of minor children unless proper notice of the application for modification has been given the adverse party, and new evidence is adduced upon the hearing. It seems clear that the purpose of the excerpt from Schouler was to support these two propositions, both of which are correct regardless of whether the application for modification be considered as a new proceeding or as a continuation of the original divorce action. It is also to be observed that the question of the sufficiency of service of notice on the attorney of record for the adverse party in the original action was not involved in either of the two cases cited in support of the excerpt from Schouler, nor in the Abell, Jones, or Fleming case.

■ Under sec. 9462 N. C. L., 1929, the trial court, after rendition and entry of a divorce decree containing provisions respecting the custody of minor children, retains the same jurisdiction over the parties and the subject matter to which the proviso in said section relates that it had and exercised prior to the making and entry of the decree. Moore v. Superior Court; State v. Superior Court, supra. The same rule applies with respect to the support of such children where jurisdiction is reserved by the decree.

■ In cases of application for modification respecting custody or support of minor children, the general rule is that issuance of new summons or process, or new personal service of notice, is unnecessary. Wells v. Wells; State v. Superior Court; Stoner v. Weiss; supra.

Where modification is considered a continuation of the original cause, the general rule is that service may be had on the adverse party's attorney of record. Moore v. Superior Court, supra; State v. Superior Court, supra; Bancroft's Code Pr. and Rem., vol. 6, p. 6174, n. 16; 27 C. J. S., Divorce, sec. 317, p. 1193, n. 91.

Relator contends that, as a matter of law, Mr. Springmeyer's authority terminated with the entry of the divorce decree in June 1937, and that the service upon him of the notice of motion for modification was therefore of no effect. There appears to be some support for this position; see Scott v. Scott, 174 Iowa 740, 156 N. W. 834. But in our opinion it is not the correct rule, nor is it supported by the weight of authority. State ex rel. Shoemaker v. Hall, supra; DeVall v. DeVall, 57 Or. 128, 109 P. 755, 110 P. 705; United States v. Curry, 6 How. 106, 12 L. Ed. 363; State v. Superior Court, supra; McSherry v. McSherry, 113 Md. 395, 77 A. 653, 140 Am. St. Rep. 428; 5 Am. Jur., p. 283, n. 18.

In the light of the foregoing authorities, and in the absence of any showing in the trial court that Mr. Springmeyer was not authorized to represent Mr. Groves at the time he was served with notice, this court is of the opinion that the lower court acquired jurisdiction to hear plaintiff's motion.

When service of notice of motion to modify was served on Mr. Springmeyer, his name still appeared as attorney of record for the defendant in the divorce action. There is nothing in the record to show that he had retired or withdrawn as such attorney, that anyone else had been substituted, or that any notice of retirement, withdrawal or substitution had been given plaintiff. The affidavit filed in this court for the purpose of showing that the attorney of record in the divorce case was not representing defendant at the time the notice of motion was served, cannot be considered. Annotation, 99 A. L. R. 984.

There was no showing in the trial court that defendant had not in fact received notice, that the notice was not reasonable, that his whereabouts was unknown, that he was in the military or other service of his country, or for any other reason unable to properly defend his interests with respect to the motion for modification. Not only was there no showing along these lines, but

the objection to the hearing of the motion was not based on any such grounds.

Relator's position seems to be that notice should have been given the defendant in this case under the provisions of sec. 8579, or secs. 8582 and 8583, or sec. 8922, N. C. L. 1929. (Said sections 8582 and 8583 were last amended, respectively, in 1933 and 1931: Stats. of Nevada 1933, chap. 134, p. 174; Stats. of Nevada 1931 chap. 95, p. 159.) The first three of these sections relate to service of summons. Section 8922 provides: "When a plaintiff or a defendant who has appeared resides out of the state and has no attorney in the action or proceeding, the service may be made on the clerk for him. But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, shall be upon the attorney instead of the party, except subpenas, or writs, and other process issued in the suit, and of papers to bring him into contempt." The notice in the instant case was served in the manner prescribed by subdivision 1 of sec. 8916 N. C. L. 1929. For the reasons already stated herein, this notice was sufficient to confer upon the trial court jurisdiction to hear and determine the motion to modify, in the absence of a showing in that court that the attorney was not authorized to represent the defendant at the time the notice was served upon him.

■ Where, as in Nevada, neither the statutes nor rules of court specify whether the application for modification of the provisions of a divorce decree relating to custody or support of children shall be made by motion, petition, or otherwise, nor how notice of the hearing of such application must be made, the prevailing rule is that the courts will not concern themselves so much with the form of the application or the manner of giving notice, as with the reasonableness of the notice under the circumstances existing in the particular case. Cornelison v. Cornelison, supra; Wells v. Wells, supra; Kendall v. Kendall, 5 Kan. App. 688, 48 P. 940.

As the district court acquired jurisdiction to entertain the motion to modify, it also had jurisdiction to allow counsel fees for services by plaintiff's attorney in preparing and presenting said motion. Fleming v. Fleming, supra.

But the court is of the opinion that it is without power to allow attorney's fees for services in the present proceeding. In the absence of statute, we are not disposed to extend the rule in Lake v. Lake, 17 Nev. 230, 30 P. 878, to a prohibition proceeding.

Relator's petition is dismissed, and respondent's motion for attorney's fees in this proceeding denied.