## FOURTH DEPARTMENT, JULY, 1963

### (July 1, 1963)

KATHERINE S. NEWMAN, Respondent, *v.* LESTER M. HARVEY, Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered July 5, 1962, in Onondaga County, which granted a motion by plaintiff for summary judgment and dismissed defendant's answer and counterclaim.

MEMORANDUM BY THE COURT. A judgment of divorce was granted the respondent in a Nevada action on March 24, 1960. The appellant husband duly appeared in that action pursuant to a power of attorney executed by him to the Nevada law firm of McLaughlin & Barrett. Incorporated in the judgment were the provisions of a separation agreement executed by the parties relating to support and maintenance of the respondent wife and children. The appellant, it is alleged, defaulted in making the payments provided for in the divorce judgment. The respondent, a resident of Nevada, instituted a proceeding in that State by service of the notice of motion applying for the judgment by mail upon the Nevada law firm of Pike & McLaughlin, alleged to be the successors to McLaughlin & Barrett. A New York State action on the Nevada judgment was then commenced against the appellant, a resident of Onondaga County, and in his answer as an affirmative defense he denied " that the Courts of the State of Nevada had *in personam* jurisdiction [of him] * * * for the purpose of the proceeding had in obtaining the judgment." Special Term granted respondent summary judgment. Appellant's affidavit in opposition to the summary judgment motion asserts that he never received any notice of the institution of the Nevada proceedings which resulted in the judgment against him and that the power of attorney given by him to McLaughlin & Barrett, Esqs., authorized them to appear for him for the limited purposes of the divorce proceedings. The deposition of attorney McLaughlin, submitted in opposition to the motion, recites that he was absent

from the country during the time of the divorce proceedings and that all matters relating thereto were handled by his partner, Barrett, who is no longer a member of his firm, having withdrawn therefrom to become a Judge, prior to the institution of the 1961 proceeding. He further testified that he sent the notice received by his firm to attorney Robert V. O'Hara of Syracuse, who also submitted an affidavit stating that he did not represent appellant during 1961 and "has no recollection of ever receiving any such letter". The moving and opposition papers raise many questions of fact which cannot be summarily resolved. Furthermore, the legal question of the effect of the dissolution of the Nevada law firm, by the withdrawal of Barrett and the formation of a successor firm, upon the jurisdictional issue of notice, requires further evidence and consideration. In this posture summary judgment should not have been granted.

WILLIAMS, P. J. (dissenting). I would affirm the order granting summary judgment. It is apparent that both parties desired a decree of divorce and, in the furtherance of their plans, entered into a separation agreement and then plaintiff, after establishing the accepted residence, started action in Nevada. The defendant, through his then New York State attorney, delivered to McLaughlin & Barrett, attorneys at law, of Reno, a written power of attorney authorizing them to act for him and to represent him in any suit for divorce that might be brought against him by his wife "with full power and authority, including the authority to accept service of complaint and summons and *other process in my behalf,* to answer or otherwise plead to the complaint, and to waive notice of entry of judgment, as in the judgment of my said attorney — may be best and as fully to all intents and purposes as I could do if I were present personally." (Italics supplied.) Pursuant to this authority these attorneys appeared generally in defendant's behalf, and he thus submitted himself personally to the full and complete jurisdiction of the Nevada court. The separation agreement was approved, ratified, confirmed and made a part of the decree of divorce, and judgment was "rendered in favor of the plaintiff and against the defendant in accordance with the terms and provisions of said agreement". The decree was regularly served on defendant's Nevada attorneys. No complaint of any kind was made by the defendant as to procedure, the contents of the decree or otherwise.

The decree was granted in May, 1960. In August, 1961 plaintiff filed a motion for judgment for arrearages in alimony. The motion was in accordance with section 125.180 of the Nevada Revised Statutes:

"1. Where the husband, in an action for divorce, makes default in paying any sum of moneys as required by the judgment or order directing the payment thereof, the district court may make an order directing the entry of judgment for the amount of such arrears, together with costs and disbursements not to exceed $10 and a reasonable attorney's fee.

"2. The application for such order shall be upon such notice to the husband as the court may direct.

"3. The judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments.

"4. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law."

A similar provision is found in our statutes, section 1171-b of the Civil Practice Act. The proceeding was a continuation of the divorce action and not a new proceeding (cf. *Folks* v. *Folks,* 77 Nev. 45; *Snow* v. *Snow,* 8 A D 2d 516). As was stated in *Ex Rel. Groves* v. *District Ct.* (61 Nev. 269, 276), where it was argued that an application for modification of a divorce decree was in the nature of a new proceeding: "By the great weight of

authority an application for modification of provisions of a divorce decree respecting custody of minor children is a supplementary proceeding, incident to the original suit; it is not an independent proceeding or the commencement of a new action. The jurisdiction to order such modifications is a continuing one." Such a proceeding is closely akin to the motion before us in this instance. The defendant, having appeared generally in the divorce action, remained subject to the jurisdiction of the Nevada court as to this aspect of the proceedings. (*Haskell* v. *Haskell*, 6 N Y 2d 79; *Snow* v. *Snow*, 8 A D 2d 516, *supra*; *Ageloff* v. *Ageloff*, 207 Misc. 804.) Subdivision 5 of rule 5 of the Nevada Rules of Civil Procedure provides that when a party appears in an action by an attorney, service of papers shall be made upon the attorney unless the court orders service upon the party himself. Service upon counsel of record was, therefore, proper. (*Caplow* v. *District Ct.*, 72 Nev. 265; *Ex Rel. Groves* v. *District Ct.*, 61 Nev. 269, 277, *supra*.)

The Nevada court found: " That defendant's counsel of record have been and remain such at all times since the entry of the Decree of Divorce in the above-entitled cause on March 24, 1960, to-wit, McLaughlin & Barrett, Esqs., now Pike & McLaughlin, Esqs., and that service of said motion and attached affidavit and notice of hearing were made upon defendant by and through said counsel of record."

McLaughlin & Barrett became Pike & McLaughlin when Barrett withdrew from the firm to become a Judge and Pike, a former partner, returned to the firm. However, it is unquestioned that when the defendant appeared generally in the action it was through attorneys fully authorized to represent him. He now claims that the substitution of partners constituted a dissolution of the firm which terminated his representation in the action. When applied to an attorney's representation of a client in a pending proceeding, this position is untenable. Jurisdiction, having been acquired over defendant, continues throughout the entire proceeding. Furthermore a litigant may not withdraw from a proceeding and thus oust a court of jurisdiction which had been duly acquired. Nor did the withdrawal of one of the partners of the firm representing defendant effect a termination of jurisdiction.

Moreover, no notification was given to the court or to the plaintiff of any change in representation by counsel, nor was there any attempt on defendant's part to withdraw the power of attorney or the general appearance that had been made for him. Therefore, the question is not one of lack of jurisdiction in the Nevada court to render the judgment now sued upon but rather whether there has been compliance with the procedural requirements of that court. The Nevada court found that there had been compliance with its statutes and rules and expressly approved the notice employed. The preamble to its findings and conclusions recites that " defendant's counsel of record * * * were duly served in the manner provided by law ". Inasmuch as the issue is not jurisdictional, our court is precluded from reconsideration of that issue. (*Milliken* v. *Meyer*, 311 U. S. 457; *Fauntleroy* v. *Lum*, 210 U. S. 230.)

The Nevada law firm notified defendant's Syracuse attorney that such a motion had been made. Although two letters were sent, there was no reply. The defendant's answer to this is that he had changed lawyers. However, he did nothing to advise the plaintiff or her Reno lawyers of any change in representation, and he now seeks to avoid his marital responsibilities on this technical and narrow ground. The effect of this is to place the burden upon the former wife to prove her cause in the State of New York. His proper recourse is to move in the Nevada court to set aside the judgment if there was any defect in service of the motion papers, inasmuch as the defect alleged herein was simply a procedural defect and not jurisdictional. The judgment

sued upon is entitled to full faith and credit unless and until the defendant has it vacated within the State of Nevada. The Nevada court found that it retained jurisdiction of the defendant and his person, and in reference to the enforcement of the decree this is a completely reasonable ruling and conclusion. The defendant probably had actual knowledge of the proceeding but, nevertheless, he apparently deliberately chose to permit judgment to be taken by default with the intention of contesting the enforcement of the judgment in this jurisdiction. In any event, he was chargeable with notice of the proceeding.

Order reversed, without costs of this appeal to either party, and motion denied, without costs.

Bastow, Goldman, Halpern and McClusky, JJ., concur in Memorandum by the Court. Williams, P. J., dissents and votes to affirm in an opinion.