No. 2597

## HARWOOD v. CARTER, ET AL.,

### AND

## SEEDS, ET AL., v. SAME

January 5, 1924.                    222 Pac. 280.

1. LIMITATION OF ACTIONS—AMENDMENT HELD NOT TO STATE NEW CAUSE OF ACTION.

An amendment to a complaint, seeking relief upon a written agreement, which consisted of a new count upon an implied contract for the same services, did not state a new and distinct cause of action and could not be resisted on the ground that the cause of action for value of plaintiff's services was barred by the statute of limitations; both counts being for the same cause of action.

2. WORK AND LABOR—ATTORNEY MAY RECOVER REASONABLE VALUE OF SERVICES, THOUGH CONTRACT VOID.

Though contract to pay attorneys was void because attorneys failed and neglected to give their client full information and explanation of the facts and the law, the attorneys could recover the reasonable value of their services if the contract was not inherently malum in se or malum prohibitum.

3. CHAMPERTY AND MAINTENANCE—CONTRACT FOR FEE IN DIVORCE CASE HELD NOT AGAINST PUBLIC POLICY.

The fact that attorneys entered into contract upon a contingent fee basis in divorce case was void as against public policy did not render invalid a second contract for a fee in such case, where the first contract was canceled by indorsement.

4. HUSBAND AND WIFE—ATTORNEY MAY RECOVER FOR SERVICES RENDERED MARRIED WOMAN IN DIVORCE CASE.

An attorney is not precluded from recovering compensation on a quantum meruit from a woman for services rendered her in a divorce action, even though a contract with her as a married woman was void; such contract not being inherently malum in se or malum prohibitum.

5. ATTORNEY AND CLIENT—ALLOWANCE OF $2,000 HELD NOT EXCESSIVE.

In an action by attorneys to recover on quantum meruit for services rendered defendant in a divorce action, a judgment for $2,000 *held* not excessive, though the court in the divorce action refused to require husband to pay counsel fees to enable defendant to carry on or defend the action, under Rev. Laws, 5843.

6. DIVORCE—COUNSEL FEES ALLOWED TO WIFE, AND NOT ATTORNEY.

Counsel fees in a divorce action under Rev. Laws, 5843, are allowed to the wife, and not to her attorney.

7. DIVORCE—WIFE NOT ENTITLED TO COUNSEL FEES ABSOLUTELY.

Right of wife to counsel fees in divorce action is not an absolute right, but is a matter to be determined by the wise discretion of the court.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Actions by C. L. Harwood, and by William P. Seeds and H. H. Howard, the last two composing the firm of Seeds & Howard, respectively, against Mary E. Carter, formerly Mary E. Summerfield, and another, consolidated. Judgment for plaintiffs, and defendants appeal. **Affirmed. Rehearing denied.**

*James Glynn* and *Hoyt, Norcross, Thatcher, Woodburn & Henley,* for Appellant:

No valid judgment could be entered upon either contract, because a contract for contingent fee in divorce case is against public policy. Newman v. Frietas, 61 Pac. 907; Nelson, Marriage and Divorce, sec. 881.

Married woman cannot make valid contract except in relation to her separate property, owned at time of contract. Stewart, Husband and Wife, secs. 372, 373; Beckman v. Stanley, 8 Nev. 257. Her intention to charge separate property must be declared. Miller v. Newton, 23 Cal. 354. Divorce proceedings are no exception. Drais v. Hogan, 50 Cal. 121.

Attorney must show client contracted freely and with

full knowledge of her rights and effect of instrument. 2 R. C. L. 1037; Moore v. Rochester Weaver M. Co., 42 Nev. 164.

The subject-matter of action, i. e., attorney's fee, could have been disposed of in the divorce action. Hence no cause of action was stated. Goldman v. Clark, 1 Nev. 609; Stewart, Husband and Wife, secs. 357, 379.

If injury to client results from lack of skill, knowledge, or care of attorney, he is responsible in damages, even if acting gratuitously. 5 C. J. 696; Board v. Rankin, 134 S. W. 157.

Second amended complaint was barred, though it stated cause of action, since filing defective original complaint did not stop running of statute. Action is barred if good pleading is not filed in time. M. T. & K. Ry. Co. v. Bagley, 3 L. R. A. (N. S.) 273.

Original complaint was based on express contract only. Complaint on implied contract was filed more than four years after services were rendered.

*Cooke, French & Stoddard,* for Respondent:

Married woman, not shown to have separate property, living apart from husband, may make legal agreement with attorneys to defend divorce action where husband sets up claim to homestead property adverse to wife. Wife may sue and be sued alone when living separate. Rev. Laws, 2179, 4989, 4995, 4996, as amended Stats. 1913, p. 28; Leonard v. Townsend, 26 Cal. 435. She may contract with attorney to defend such suit though she has no property, and such contract may be enforced against property subsequently acquired. Harrington v. Lowe, 84 Pac. 570.

Rev. Laws, 2173, completely removes common-law disabilities. Colonial Mortgage Co. v. Stevens, 55 N. W. 578; Bank v. Flourney, 171 Pac. 793.

The services were valuable, even if not entirely successful. Had husband succeeded, wife would have been left without anything.

Original and amended complaints stated cause of action. Allegation that plaintiffs' services actually

saved property was not necessary. Rev. Laws, 2173, and cases cited, supra.

The action was commenced on filing of complaint. All amendments related back. Running of statute was arrested. 17 R. C. L. 814, 815. An amendment which states no new cause of action, but merely new grounds germane to charge, relates back to original complaint and may be upheld without regard to statute of limitations. 17 R. C. L. 821; Hagenauer v. Detroit Copper Co., 124 Pac. 803. Statute is arrested if amendment contains even part of original pleading. T. & N. R. R. Co. v. Clippinger, 106 S. W. 156.

Defendant was fully advised of her right to apply for order for attorneys' fee, but said she "knew the judge would not make any additional allowance." Hence agreement was made that she pay what services were reasonably worth.

Burden is not on attorney to disprove negligence unless some fraud is involved, but plaintiff must show valid claim lost or impaired thereby. Priest v. Dodsworth, 14 Am. & Eng. Ann. Cas. 340.

Alleged negligence is not now available, since it is complete departure from theory on which case was tried. Bralis v. Flanges, 45 Nev. 178; 3 C. J. 704, et seq.

Agreement for compensation of attorneys is not restrained by law. Rev. Laws, 5376. The only restriction is that transaction must be fair.

Attorney may make new contract abrogating old contract. Moran v. Simpson, 173 S. W. 769.

Ordinarily client is bound, unless he can show abuse of confidence by attorney. Kirchoff v. Bernstein, 181 Pac. 756.

By the Court, SANDERS, J.:

These cases were consolidated and tried as one case in the court below, and upon the calling of the cases for trial it was agreed in open court that the decision or judgment in either case should be conclusive and binding on the parties in the other. The two appeals involve

the same subject-matter. They are briefed and submitted together so as to be considered in one opinion.

For present purposes the facts and the proceedings may be stated to be as follows:

On January 10, 1908, Mary E. Carter, then the wife of Sardis Summerfield, employed plaintiffs as her attorneys to represent her in all the difficulties then existing between her and her husband, Sardis Summerfield. On that date she promised and agreed in writing to pay plaintiffs for their services the sum of $5,000, contingent upon the settlement of her marital differences by divorce proceedings or otherwise; it being understood and agreed that any allowances made by the court for attorneys' fees in the divorce proceedings should be credited on said sum of $5,000. Before any formal steps had been taken by her said attorneys, the husband sued his wife for a divorce. He prayed decree, and also that the community property of the marriage, alleged to be of the value of approximately $75,000, be awarded to him. The defendant answered the complaint, and in her answer by way of cross-complaint prayed a divorce, upon the ground of extreme cruelty, and also prayed that the community property, of the alleged value of about $100,000, be equally divided between the parties. Thereafter the defendant made formal application to the court for an order requiring her husband to pay to her or into court a sum necessary to enable her to defend the suit and carry on her cross-action. Pending the hearing, her attorneys apparently became apprehensive that her application for attorneys' fees would be denied. Before the court had ruled upon her application, the defendant met with her attorneys in the office of one of plaintiffs and entered into an agreement in writing, whereby the defendant promised and agreed to pay plaintiffs the sum of $5,000 for their services in the case of Summerfield v. Summerfield, with the understanding that any allowance made by the court in the cause for attorneys' fees would be credited upon the said sum of $5,000. Contemporaneously with the making of this agreement, to wit, on January 29, 1908, the parties

canceled their agreement of January 10, 1908, by an indorsement written thereon. The court ultimately denied defendant's application for attorneys' fees, apparently for the reason that no necessity existed therefor; it affirmatively appearing that the defendant had entered into an agreement with her attorneys with respect to their compensation.

The divorce suit of Summerfield v. Summerfield came on for trial before a jury. About twelve days were consumed in the trial of the bitterly contested issues, and the jury decided that neither party was entitled to a divorce, and the court so adjudged and dismissed the proceedings at the cost of the husband. Thereafter the wife, without knowledge of her attorneys, made a settlement with her husband of her right and interest in and to the community property of their marriage. Thereafter the husband again sued for divorce, alleging as grounds therefor abandonment and desertion, and also alleged in his complaint that the parties had amicably settled their rights in and to the community property of the marriage. The defendant did not apprise her said attorneys of this action, made no appearance therein, and upon her default for her failure to appear and answer her husband was granted a divorce. In the decree the court expressly recognized and confirmed the amicable settlement made by the parties with respect to the community property.

Thereafter, upon demand of plaintiffs, Mrs. Summerfield declined and refused to pay plaintiffs for their services, disclaimed owing them any sum for their services, and repudiated her obligation of January 29, 1908. Thereafter, in January, 1912, plaintiffs sued to recover both on the written contract of January 29, 1908, and on quantum meruit for the sum of $5,000. Subsequently the defendant intermarried with Jennings William Carter, and in 1914 plaintiffs amended their complaint to conform to that fact and made her husband a party pro forma. Thereafter, in 1921, plaintiffs filed their second amended complaint, stating therein, as in the original complaint, two causes of action; one upon the

contract of January 29, 1908, and the other to recover the reasonable value of their services. Upon the overruling of the demurrer to the second amended complaint, defendant, in addition to the denials contained in her answer, set up several separate and distinct defenses of a legal nature, to which the plaintiffs made reply. The case was tried to the court without a jury. The court found the facts to be as stated in plaintiffs' second cause of action based upon a quantum meruit, and concluded as a matter of law that plaintiffs were entitled to have and recover judgment for the reasonable value of the services rendered the defendant in said divorce action of Summerfield v. Summerfield, assessed at $2,000, and thereupon the court rendered judgment for that sum, with direction that the amount be divided equally between plaintiffs. Thereafter the defendant moved for a new trial, which motion was ordered overruled. The defendant thereupon offered proposed findings of fact and conclusions of law in conformity to her separate and distinct defenses, which the court refused to adopt. The defendant appeals from the judgment and said order.

It is conceded that when the defendant employed plaintiffs she had no "separate property," as that term is defined by our so-called married woman's act (Rev. Laws, 2155, et seq.). The principal, if not the only material, conflict in the evidence is that relating to the facts and circumstances surrounding the cancelation of the defendant's first agreement of employment, bearing date of January 10, 1908, and the making of the agreement of January 29, 1908. According to the testimony of the defendant, plaintiffs failed and neglected to explain to her the reason or the necessity for the cancelation of her original agreement to employ plaintiffs on a contingent fee basis, and failed and neglected to advise her of the legal effect of the contract sued upon and of the law with respect to the allowance of counsel fees in divorce actions. According to plaintiffs' testimony, the defendant was fully informed and advised of the facts and the law and signed the contract sued upon knowingly and willingly.

The court's judgment is based solely on a quantum meruit.

The plaintiffs and the defendant in both actions, being dissatisfied with the court's findings and conclusions and the judgment thereon, gave separate notices of appeal to this court from the judgment and orders denying their motions for a new trial. The plaintiffs and appellants, C. L. Harwood and Seeds & Howard, voluntarily dismissed their appeals, leaving the two appeals of Mary E. Carter to be considered in one opinion. The double appeals account for the confused entitlement of the cause herein and the unduly prolix statement of the case.

Counsel for the defendant make five points of law upon which they claim reversal of the judgment: First, that the contract sued upon is void as against public policy. Second, that the contract sued upon, having been entered into when the relationship of attorney and client existed, and plaintiffs having failed, through ignorance or negligence, to inform the defendant of the legal effect of the contract exacted of her, or to inform her of the law with respect to the allowance of counsel fees, is void. Third, coverture. Fourth, the statute of limitations. Fifth, res adjudicata.

1. Counsel for defendant argue that, conceding the contract sued upon to be in all respects valid and legal, the original complaint having been filed in the year 1912, and the second amended complaint having been filed in the year 1921, by which amendment plaintiffs for the first time seek to recover the reasonable value of their services, the count on quantum meruit as amended is barred by the statute of limitations. This contention is manifestly due to a misapprehension of the facts. The amendment states no new and distinct cause of action. It is simply a new count for the same cause, the first count being based upon a written agreement, while the second count is upon an implied contract for the same services. Both counts are, therefore, for the same cause of action; hence the amended complaint cannot be resisted on the ground that the cause of action

for the value of plaintiffs' services is barred by the statute of limitations. Tucker v. Virginia City, 4 Nev. 20; 17 R. C. L. sec. 180, p. 815.

2. It is argued on behalf of the defendant that the contract sued upon, having been entered into when the relationship of attorney and client existed, and it appearing from the evidence that plaintiffs wholly failed and neglected to give to the defendant full information and explanation both of the facts and of her legal rights in respect to the allowance of counsel fees as provided by law in divorce actions, is void. Conceding, for the sake of the argument advanced by counsel, that plaintiffs failed and neglected to give to their client full information and explanation of the facts and the law relative to the allowance of counsel fees, still it is well established that if the contract is not inherently malum in se or malum prohibitum the attorney may recover for the reasonable value of his services. Thornton on Attorneys at Law, sec. 438; 2 R. C. L. sec. 128, p. 1046.

3. Counsel for the defendant claim reversal upon the ground that the contract sued upon is void as against public policy, in that the plaintiff's compensation, though for a fixed sum, was in fact dependent on success and contingent upon the division of the community property of the marriage. We are in entire accord with the contention that the first contract entered into upon a contingent fee basis was void as against public policy, but this contract was canceled. If the second contract, the one sued upon, is valid, it will not be abrogated because an attempt is made to merge it in the void contract. Culley v. Badgley, 196 Mich. 414, 163 N. W. 33, L. R. A. 1917F, 362.

4. Plaintiffs base their right to recover on both the express and implied agreement of the defendant to pay them for legal services rendered her in an action brought against her by her husband for a divorce. One of her defenses was that of her coverture. By reason of this defense we are urged to decide whether or not a married woman without separate property may make

a valid and binding contract to compensate her attorneys in a suit for divorce, whether she be plaintiff or defendant. In this jurisdiction, which bears the unenviable reputation of\ encouraging divorce actions by reason of its legislative policy of allowing "short-term decrees," the question at once becomes interesting as well as important; but in the view we take of the record we are not required to pass directly upon it. The controlling point arising on the facts as found is whether a judgment for the reasonable value of plaintiffs' services on a quantum meruit is sustainable. We are of opinion that it is. The general rule, says Mr. Thornton, in his work on Attorneys at Law, undoubtedly is that an attorney is not precluded from recovering compensation for valuable services by the mere fact that such services were rendered under a void or voidable contract. There can, of course, be no recovery on the contract; but where it is not inherently malum in se or malum prohibitum the attorney may recover the reasonable value of his services on a quantum meruit. Volume 2, sec. 438.

The services performed by plaintiffs were in no sense illegal, either intrinsically or by reason of the circumstances under which they were rendered or under the divorce law of this state. Hence we conclude that the judgment for the reasonable value of plaintiffs' services on a quantum meruit is sustainable. 2 R. C. L. sec. 128, p. 1046. See annotator's notes, 2 L. R. A. (N. S.) 261; 38 L. R. A. (N. S.) 1202.

5. It is true the jury decided in the divorce proceedings that neither party was entitled to a divorce, and the court so adjudged; but, nevertheless, it was through the efforts of plaintiffs that the husband's action for divorce was successfully resisted. It was for the services performed for the defendant in that action that the trial judge rendered judgment in favor of the plaintiffs for the sum of $2,000. It is undisputed that, shortly after the trial and the rendition of the judgment of dismissal of the divorce proceedings, the defendant herein made an amicable adjustment with her

husband of her right in and to the community property of their marriage. It appears affirmatively from the record that the settlement, whatever its terms and conditions, was ratified and confirmed in the subsequent decree divorcing the husband from the defendant. The plaintiffs herein did not participate directly or indirectly in the settlement or in the husband's subsequent action, but as a result of the services performed by them in the prior action the defendant was left in position to thereafter deal with her husband upon equal terms, both with respect to their existing marital difficulties and to their property rights. It is thus apparent that the defendant was actually benefited by plaintiffs' services, and no reason appears why the judgment in their favor for the reasonable value thereof should not be affirmed.

6, 7. It is argued on behalf of the defendant that the refusal of the court in the divorce action of Summerfield v. Summerfield to require the husband to pay counsel fees to enable the wife to carry on or defend the action precluded plaintiffs from maintaining this action on the principle of res adjudicata. We fail to appreciate the force of counsel's reasoning on this proposition. Section 5843 of the Revised Laws provides that in any suit for divorce the court or judge may, "at any time after the filing of the complaint, require the husband to pay such sums as may be necessary to enable the wife to carry on or defend such suit.   *   *   *" This provision has been repeatedly construed and applied in numerous cases in this court. In Lake v. Lake, 16 Nev. 363, 367, 17 Nev. 230, 30 Pac. 878, it is held that the statute is only affirmatory of the common law to enable a destitute wife to defray the expenses of her action. It is apparent that counsel fees are allowed to the wife and not to her attorney. 2 Am. & Eng. Ency. Law, p. 113. Her right to such fees is not an absolute right and is a matter to be determined by the wise discretion of the court or judge. In fixing the allowance the court is controlled by considerations other than the interest of the wife's attorney. In the case at bar, the court, in the exercise of its discretion, refused the defendant's

application for counsel fees, apparently for the reason that she had made an agreement with her attorneys for a fixed sum of money and the necessity for calling upon the husband for money therefor was removed.  Mudd v. Mudd, 98 Cal. 320, 33 Pac. 114.

The court did not pass upon, nor undertake to pass upon, the defendant's liability to plaintiffs by reason of her contract.  The question here involved is one arising solely between the defendant and her counsel, which apparently did not concern the court in ruling upon the defendant's application for counsel fees under Rev. Laws, 5843.

It is argued on behalf of the defendant that the plaintiffs, supposedly learned in the law, exacted of their client a contract for their own advantage and to her detriment, and, in furtherance of justice, plaintiffs should not be allowed to recover upon a quantum meruit. We are not in accord with this contention.  Regardless of any infirmity in the agreement between the parties, if any there be, and ignoring the entanglements of the common law, if such exist in a case of this kind, the fact remains that the services performed were not illegal. The defendant was free to accept the services; they were not gratuitous; and, the defendant having profited by the services, we see no reason why she should not be liable for the reasonable value thereof.

The judgment of the district court is clearly right and is affirmed.

ON PETITION FOR REHEARING

April 10, 1924.

*Per Curiam:*

Rehearing denied.