ROMA A. KOSTER *v.* FRANS B. KOSTER

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and TROLAND, Js.

Argued April 4—decided May 22, 1951

*Joseph J. McGuinness,* for the appellant (defendant).

*Donald F. Keefe,* with whom was *Claire Sweany,* for the appellee (plaintiff).

BALDWIN, J.  The defendant secured a judgment of divorce against the plaintiff in a Nevada district court on June 4, 1945.  He now claims, on technical grounds, that that judgment, obtained on his complaint, is not enforceable in Connecticut.  The facts are undisputed. The defendant had previously brought an action for divorce in the Supreme Court of New York.  Pending the latter action, the parties entered into agreements which provided: Beginning with May, 1945, the defendant was to pay the plaintiff $350 a month for the support of herself and three minor children.  If the action in New York proceeded to trial, the agreements were to be null and void, but if a decree of separation or divorce was rendered in any other jurisdiction the agreements were to be embodied in that decree and made a part thereof, such decree superseding them. If the plaintiff was required to bring suit to enforce the agreements either separately or as a part of the judgment and was successful, she was to recover the reasonable value of the services of her counsel as fixed by the court and included as a part of the judgment.  The agreements were to be interpreted in accordance with the law of the state of New York.

The Nevada judgment recited, with reference to these agreements, that "the parties thereto entered into the same freely and voluntarily, with a full knowledge of the financial circumstances of each other; that said agreements be, and the same are hereby, ratified, approved, adopted and confirmed, and made a part of this Decree as if the same were herein set out in haec verba."  It further ordered that the parties abide by

the agreements and that by them "all rights of property of the parties are settled and adjusted and are decreed in accordance therewith." In May, 1946, the parties entered into a further agreement whereby the defendant advanced money to the plaintiff for the purchase of a house and took back a second mortgage which the plaintiff agreed to pay by permitting the defendant to deduct $50 from each monthly allowance for support and maintenance beginning in June, 1946. The defendant defaulted in the payment of the full amount of the allowance for support and the plaintiff brought suit on the judgment. The trial court rendered judgment for $4977, which included $3900 due for support on the basis of $300 per month, with interest computed at $327, and, in addition, $750 for the reasonable value of the services of plaintiff's counsel. The judgment was for amounts due to the date thereof rather than to the institution of the action, but no error is assigned on that score. The defendant appealed.

The assignments of error raise the question of the enforceability of the Nevada decree in the courts of this state. The defendant claims that it is not a judgment which is entitled to full faith and credit under article IV, § 1, of the federal constitution because it contains no order for the payment of a sum certain but merely incorporates by reference a separation agreement made by the parties; because the terms of the separation agreement could be and were in fact amended by the parties subsequent to the date of the judgment; and because the judgment provides for the payment of an indefinite sum for attorneys' fees should an action be successfully brought thereon.

This is an action upon a judgment. Unless there are jurisdictional difficulties, we must give to the judgment the same effect as it has in the state where it was rendered. *Johnson* v. *Muelberger,* 340 U. S. 581, 584,

71 S. Ct. 474; *Sherrer* v. *Sherrer*, 334 U. S. 343, 355, 68 S. Ct. 1087, 92 L. Ed. 1429; 3 Freeman, Judgments (5th Ed.) p. 2863. The Nevada court was not bound to accept the parties' written agreements. It could, however, incorporate them in the judgment and by so doing adopt their terms as its own. The legal effect of incorporating the agreements was to merge them with the judgment and make them a part thereof. *Lewis* v. *Lewis*, 53 Nev. 398, 411, 2 P. 2d 131; *Aseltine* v. *District Court*, 57 Nev. 269, 272, 274, 62 P. 2d 701. A like interpretation and effect have been given to such decrees in other courts. *Douglas* v. *Willcuts*, 296 U. S. 1, 7, 56 S. Ct. 59, 80 L. Ed. 3; *Fleming* v. *Yoke*, 53 F. Sup. 552, 554; *Maginnis* v. *Maginnis*, 323 Ill. 113, 118, 153 N. E. 654; *Warren* v. *Warren*, 116 Minn. 458, 459, 460, 133 N. W. 1009. As a matter of fact, this legal effect is what the parties intended by the very terms of their agreements.

While contracts between husband and wife regarding property settlements entered into prior to instituting proceedings for divorce should be carefully examined, they are not necessarily contrary to public policy and void unless concealed from the court. If submitted to the court for approval with full opportunity for scrutiny and ascertainment of the facts, they are unobjectionable. *Lasprogato* v. *Lasprogato*, 127 Conn. 510, 513, 514, 18 A. 2d 353; *Weil* v. *Poulsen*, 121 Conn. 281, 286, 184 A. 580.

The defendant complains that the Nevada decree does not set out the terms of the agreements in the judgment file itself but incorporates them by reference. This form of judgment is approved in Nevada and while we may prefer some other we are bound to give it validity and effect. *Aseltine* v. *District Court*, 57 Nev. 269, 271, 272, 62 P. 2d 701; *Miller* v. *Superior*

*Court,* 9 Cal. 2d 733, 738, 72 P. 2d 868; 1 Nelson, Divorce & Annulment (2d Ed.) § 13.48.

While the Nevada decree does not upon its face set forth a fixed sum of money as representing the final obligation of the defendant, it is nevertheless a final judgment for the amounts which have already accrued and are due and payable, and is entitled to full faith and credit as required by article IV, § 1, of the federal constitution. *Sistare* v. *Sistare,* 218 U. S. 1, 16, 30 S. Ct. 682, 54 L. Ed. 905; *German* v. *German,* 122 Conn. 155, 158, 188 A. 429. At the time the decree was entered, the Nevada law permitted a court to modify its award for alimony or support only when the power to modify had been reserved in the judgment. *Sweeney* v. *Sweeney,* 42 Nev. 431, 438, 179 P. 638; *Aseltine* v. *District Court,* supra, 274; *Helvering* v. *Fuller,* 310 U. S. 69, 73, 60 S. Ct. 784, 84 L. Ed. 1082. This judgment contains no provision reserving the right to modify it. To the extent that the total amount of the instalments for support and alimony were due and payable, the judgment was final and conclusive. It remained only for the trial court by mathematical computation to determine that amount. Between the date of the judgment and the time of trial of the present action, the Nevada courts were given power by statute to modify the terms of a judgment pertaining to alimony. This power was expressly restricted to the modification of orders as to instalments to accrue in the future except in cases in which the parties stipulated in writing for changes in past due alimony. Nev. Comp. Laws Ann. §§ 9463, 9474.01 (Sup. 1943-1949). The statutes do no more than to permit the parties to exercise a power of compromise and to settle an obligation to pay a sum of money the exact amount of which has been fixed by a judgment. *Warren* v. *Warren,* 116 Minn. 458, 460, 133 N. W. 1009. The agreement to purchase and mort-

gage a house made by the parties in 1946 in no way affected the finality of the judgment for the instalments already accrued. It did not purport to change the amounts to become due under the decree but simply modified the method of payment.

This defendant, in default under agreements made by him which he as plaintiff in the action for divorce in the Nevada courts asked to have incorporated in a decree in the manner and form provided for by the terms of the agreements, is hardly justified in questioning the effect of their incorporation upon the finality of the decree. This is especially true as regards the effect of the inclusion of the provision for counsel fees, which now have been incurred by the present plaintiff because of the defendant's default. While the decree leaves open the specific amount of the fees to be allowed, it is nevertheless final in stating that there is an obligation to pay such fees and providing a manner for the ascertainment of their amount. In that sense, the provision for counsel fees is very much the same as the provision for support and alimony. The amount of the former is left to the court with the rule of reasonable value to guide it. The amount of the latter is left to the court to determine on the basis of stated monthly allowances. None of the arguments advanced by the defendant militate against the application of the usual rule that each state must give full faith and credit to the judicial proceedings of every other state. See *Hooker* v. *Hooker,* 130 Conn. 41, 46, 32 A. 2d 68; *German* v. *German,* 125 Conn. 84, 86, 3 A. 2d 849.

The view we take of this case makes it unnecessary for us to consider the defendant's further claim that the contract incorporated into the judgment must be interpreted according to the laws of the state of New York.

There is no error.

In this opinion the other judges concurred.