CARYL A. SCHMUTZER, Appellant, *v.*
ROBERT C. SCHMUTZER, Respondent.

No. 4243

March 17, 1960                    350 P.2d 142

*Jack J. Pursel,* of Las Vegas, for Appellant.

*Harry E. Claiborne,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNamee, C. J.:

This is an appeal from an order modifying a judgment and decree of divorce.

Appellant was the plaintiff and respondent was the defendant in the lower court. They were divorced on August 1, 1955. In addition to dissolving the marriage, the decree awarded custody of the two minor children to the plaintiff wife, required defendant to pay plaintiff $300 per month for the support of the children, and made a division of the property of the parties.

The dwelling house of the parties was awarded to the wife as her sole and separate property with the express proviso that "defendant shall pay off the balance owing on the aforesaid dwelling house by making timely payment of all amounts owing thereon as the same become due, including interest and insurance."

The court retained jurisdiction of the action only with respect to the custody and support of the minor children.

We are now concerned with those provisions of the decree which pertain to child support and to the said dwelling house.

On June 19, 1958 respondent served and filed his motion to modify the decree "commensurate with the change of circumstances of the defendant."

On July 27, 1959 the lower court made its order modifying the decree of divorce by reducing child support payments to $85 per month per child, and by relieving respondent from the obligation of paying any of the $4,800 balance which remained owing on the dwelling. It appears from the record that the order regarding the $4,800 while favorable to respondent was made over the

objection of respondent's counsel. This becomes significant in the determination of costs.

It is to be noted that respondent's motion was based upon the change of circumstances of the defendant. The lower court, apparently without objection of either party, received evidence of the changed circumstances of both parties. Evidence was presented to the court which showed that since the decree (1) appellant had remarried and had sold the dwelling house; (2) respondent's earnings had decreased; (3) respondent was required to contribute to the support of his aged mother; and (4) respondent was delinquent in the payments on the balance due on the dwelling house.

The judgment in all respects except as to custody and support of the minor children became final upon the expiration of six months after August 1, 1955, the date the judgment was entered. NRCP 60.(b); Schneider v. District Court, 64 Nev. 26, 176 P.2d 797. See Helvering v. Fuller, 310 U.S. 69, 60 Sup.Ct. 784, 84 L.Ed. 1082. The court therefore was without jurisdiction to modify the judgment so as to relieve respondent from that obligation imposed by the judgment of paying the $4,800 balance remaining owing on the dwelling. This was conceded by both parties during the oral argument.

It is true that the learned judge below in his decision on modification stated that he was of the opinion that the Hon. Ryland G. Taylor [the judge who presided over the divorce trial and who signed the judgment which presently is the subject of modification] "had no other thought than that the plaintiff and the minor children would live in this home, and that was the purpose of the order, namely to continue a place of abode for the wife and children." Whether such was in fact Judge Taylor's motive in awarding the dwelling to the wife is mere conjecture, and could not convert the nature of this award to child support, which would be subject to modification, in view of Judge Taylor's express findings that the wife was to have said property as her sole and separate property without any conditions requiring habitation therein or restricting the sale thereof.

Under NRS 125.140, trial courts are empowered to modify decrees of divorce relative to support of minor children as may seem necessary and proper at any time during their minority, whether or not jurisdiction for such purpose was expressly retained in the decree.

In modifying decrees of divorce with respect to child support, a court exercises the discretionary powers conferred upon it by said statute. Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305. Our concern on appeal with this part of the modification order is only whether the action of the court below constituted an abuse of discretion.

We do not have before us a complete record of the proceedings resulting in the modification of the decree, and it appears that no stenographic report was made of the testimony or other evidence considered by the lower court upon the hearing of the motion to modify. The written decision of the court contains the following:

"As to the minor children, the Court must make the observation that the children have been cared for in at least semi-luxury, that not only have all of their needs been supplied, but in addition thereto the wife has been able to deposit monies in the savings accounts for the children's benefit, to one, the sum of $1100.00 and to the other, the sum of $900.00. This is indeed commendable. But in this action the husband has shown substantial evidence that his income has diminished from $16,000.00 per annum net when the decree was entered to about $11,000.00 net at the time of the hearing. He has satisfactorily shown to the court the burdens that are imposed upon his earnings and that his payments to the plaintiff in this matter amount to $200.00 a month [as part of the property awarded to the wife] which are not subject to change. The burdens are more than the Court feels the defendant should justifiably bear."

From the state of the record it does not appear that the court below abused its discretion in modifying the provisions for child support.

The lower court is ordered to strike that part of the

order modifying the decree of divorce which relieves respondent of paying any sum in reference to the dwelling located at 1334 Maryland Parkway, Las Vegas, Nevada, and including the sum of $4,800 which was due on said property at the time the same was sold by appellant. The said order appealed from in all other respects is affirmed. No costs are allowed.

BADT and PIKE, JJ., concur.