60 N.J. Super. 539 (1960)
159 A.2d 777
FRANCES M. HEALY TELLIAN, PLAINTIFF,
v.
THOMAS F. HEALY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 25, 1960.
*540 Mr. Ira B. Dworkin appeared for plaintiff (Mr. Arthur T. Tuttle, attorney).
*541 Mr. Doane Regan appeared for defendant (Messrs. Rothbard, Harris and Oxfeld, attorneys).
HALPERN, J.S.C. (temporarily assigned).
This motion is by the defendant to compel plaintiff to answer certain interrogatories seeking information with respect to her employment and income; details with respect to her present husband's employment, income, and contributions, if any, for the support of the children involved; and the details of an agreement made pertaining to support of the children.
Before disposing of the motion a brief recital of the facts leading up to the present suit is necessary for an understanding of the problem.
In 1955 plaintiff secured a final judgment of divorce from defendant in the State of New York. Defendant does not raise any objection to the validity of the New York judgment insofar as it adjudicated their marital status. The judgment, among other things, required the defendant to pay plaintiff $20 per week for the support of their two infant children. Defendant claims he has been paying plaintiff about $50 per month, pursuant to a separation agreement made in 1954. This suit is by plaintiff to recover the difference allegedly due on the judgment. Both parties have remarried and reside in New Jersey.
The defendant's answer denies all of the allegations in the complaint except that he admits he is now a New Jersey resident. By way of separate defense he contends that the State of New York had no personal jurisdiction over him; he had no knowledge of the final judgment of divorce until November 1959; plaintiff made no demand upon him for support, other than the amounts which he was voluntarily paying, until November 1959; and since plaintiff has elected to accept such voluntary payments she is now estopped from recovering any arrearages.
Without presently disposing of the issues raised on this motion concerning the interrogatories heretofore mentioned, or the defenses in the answer, several other issues *542 should first be disposed of. On the assumption that the proofs will show a New York judgment of divorce which provided for support of the children of the marriage:
(1) Does the Law Division of the New Jersey Superior Court have jurisdiction to entertain the present suit for arrearages?
(2) Are the support provisions in the New York judgment entitled to full faith and credit?
If both issues are decided in the negative, then the motion concerning the interrogatories becomes moot at this time.
I am of the opinion that the Law Division of the Superior Court should not take jurisdiction of this action and that the present action should be transferred to the Chancery Division. I am of the further opinion that the New York judgment, insofar as it makes provision for the payment of alimony for the support of the children, is not entitled to full faith and credit, under the Federal or State Constitutions. U.S. Const. Art. 4, § 1.
New Jersey is only required to give full faith and credit to past due installments of alimony on a foreign decree where, under the law of such foreign state, the past due installments are absolute, irrevocable and vested. Woodhouse v. Woodhouse, 15 N.J. 550 (1954); O'Loughlin v. O'Loughlin, 12 N.J. 222 (1953); N.J.S. 2A:34-22. Under New York law past due alimony is vested when suit is brought for arrearages on the original judgment in New York and judgment is entered thereon. Until such is done accrued arrearages are subject to retroactive modification by the court. Sec. 1171-b of the N.Y. Civil Practice Act. For a full discussion of the New York law and statutes, see Lea v. Lea, 18 N.J. 1, 13 (1955).
Where such past due installments of alimony are not final in the foreign state until reduced to judgment, but remain subject to modification by the foreign state, such judgment is not entitled to full faith and credit in New Jersey. Lea v. Lea, supra; O'Loughlin v. O'Loughlin, supra.
The New York law is similar to our own statutes *543 and adjudicated decisions which hold that past due installments of alimony are not vested but remain subject to the control of the court. Duffy v. Duffy, 19 N.J. Misc. 332 (Ch. 1941); Slep v. Slep, 43 N.J. Super. 538 (Ch. Div. 1957); N.J.S. 2A:34-23.
The New York judgment, insofar as it affects the alleged past due installments of alimony, is not final and conclusive but is subject to the control of the court and the equities of the then existing situation. This leads me to the next issue as to whether the Law Division is the proper tribunal for the present suit. I think it is not.
N.J.S. 2A:34-8 gives the Superior Court jurisdiction in all causes dealing with divorce, nullity, alimony and maintenance. R.R. 4:98-1 requires all matrimony actions to be tried in the Chancery Division of the Superior Court. Reading this statute and rule together leads to the inescapable conclusion that the Chancery Division has exclusive jurisdiction in this case. I realize that Art. VI, Sec. III, par. 4 of the New Jersey Constitution gives the Law Division the power to exercise equity jurisdiction when the ends of justice so require, but such power should not be exercised originally but only as an auxiliary aid to its jurisdiction over an appropriate proceeding in the Law Division. In matrimonial suits no right of trial by jury exists. In the instant case, if it remains in the Law Division, the issues would ultimately be determined by a jury. This would be violative of the applicable statute and rule.
In Caravella v. Caravella, 36 N.J. Super. 447 (App. Div. 1955), the plaintiff brought suit in the Domestic Relations Court for support. The court held that the Domestic Relations Court did not have jurisdiction because the separation was consensual, and ordered the case transferred to the Chancery Division of the Superior Court, pursuant to R.R. 1:27D. See also Curley v. Curley, 37 N.J. Super. 351 (App. Div. 1955).
The problem here involved can be illustrated by an example. If we were to suppose that the New York judgment *544 in the instant case made no provision for support, and the plaintiff wanted to sue in New Jersey to compel her former husband to support the children, she would have a perfect right to do so. She could proceed under N.J.S. 2A:34-23, by filing her complaint in the Chancery Division of the Superior Court pursuant to N.J.S. 2A:34-8 and R.R. 4:98-1. The same procedure should be followed in a case where the foreign decree provided for support and maintenance, but such decree was not conclusive with respect to past due installments of alimony. Chancery is better equipped to deal with the issues presented in matrimonial matters, and its original jurisdiction should not be usurped by the Law Division. The Law Division should only exercise the powers of the Chancery Division when the ends of justice so require. The ends of justice do not require this court to retain jurisdiction but, rather, that it be transferred to Chancery.
If the foreign decree, with respect to alimony and support, is final and conclusive in the foreign state, then a suit in the Law Division is proper. Woodhouse v. Woodhouse, 15 N.J. 550 (1954). But where it is not final and conclusive, the suit should be in the Chancery Division. O'Loughlin v. O'Loughlin, supra; Lea v. Lea, supra.
As was stated by the court in Slep v. Slep, supra, 43 N.J. Super., at pages 541, 542:
"Plaintiffs properly admit that the enforcement, collection, modification and extinguishment of arrearages of this nature and the court's control of past-due installments of support for children is an equitable remedy within the discretion of the court. Duffy v. Duffy, 19 N.J. Misc. 332 (Ch. 1941); Madden v. Madden, 136 N.J. Eq. 132 (E. & A. 1945); Federbush v. Federbush, 5 N.J. Super. 107 (App. Div. 1949); Liss v. Liss, 19 N.J. Super. 358 (App. Div. 1952), are authority for the general principle that under our divorce statute past-due installments of alimony and support for children do not vest as they become in arrears but are subject to the control of the court.
This court has always been most zealous in applying equitable principles to all phases of the marital relationship. The Legislature *545 has committed this matter to the jurisdiction of the Superior Court, Chancery Division, to the end that equitable principles should be applied."
In Madden v. Madden, 136 N.J. Eq. 132 (E. & A. 1944), the court affirmed a decision of the Chancery Court enjoining a wife's suit at law for accrued arrearages on a decree for alimony and approved the advisory master's decision wherein he said:
"It is my judgment, therefore, that the statute makes it mandatory on this court, as well as exclusively within the jurisdiction of this court, to grant defendant's application to annul the alimony order ab initio, so as to eliminate all arrearages accrued thereunder. * * *"
For the foregoing reasons counsel for defendant will prepare an appropriate order transferring this case to the Chancery Division.