LOUISE DORMAN FOLKS, APPELLANT, *v.*
LOGAN L. FOLKS, RESPONDENT.

No. 4310

February 8, 1961                                    359 P.2d 92

*Oliver C. Custer*, of Reno, for Appellant.

*Goldwater, Taber and Hill*, of Reno, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

Plaintiff wife filed suit for divorce against her husband, the defendant. The jurisdiction of the court over the defendant resulted from personal service of summons on him in Nevada. He made no appearance in the action because at the time of service he was a member of the armed services stationed in California, and later he was transferred to Japan. In due time defendant's default was entered and the case proceeded to trial. The court entered judgment for divorce on February 9, 1950, and among other things, required defendant to pay $100 a month for the support of the two minor children, plus $75 per month for the support of the wife. Jurisdiction relative to the support of the wife was not expressly retained.[1]

---

[1] We are not concerned with the applicability of the Soldiers' and Sailors' Civil Relief Act; counsel for both parties concede the validity of the decree.

On September 22, 1959, defendant filed a motion to modify the decree of divorce by terminating the alimony (support of the wife) provision of the decree. Plaintiff thereupon filed a motion for an allowance of $11.22 for bus fare from Chico, California to Nevada and return, for $50 for expenses en route and while in Reno attending court, and for an attorney fee to resist defendant's motion. At the same time she had issued an order to show cause (1) why defendant should not be adjudged in contempt of court for his default amounting to $3,663 in the payment of alimony, and (2) why judgment for said sum should not be entered against defendant. These matters were heard by the court on February 5, 1960 and submitted for decision on the same day. On March 10, 1960 defendant's motion to terminate the payment of alimony, effective as of September 22, 1959, was granted, plaintiff's motion for allowances was denied, the defendant was purged of contempt, and the plaintiff's said request for entry of judgment was denied.

The matter now before us is plaintiff's appeal from this determination of the court made on March 10, 1960. Henceforth the plaintiff will be referred to as appellant and the defendant as respondent.

Three matters are presented for determination on this appeal.

1. Did the court err in refusing to direct the entry of judgment for the amount of arrears resulting from respondent's default in the payment of alimony?

NRS 125.180 gives discretionary power to the court to make an order directing the entry of judgment for the amount of arrears resulting from a husband's default in the payment of money ordered to be paid in an action for divorce. It is appellant's contention that the trial court abused this discretionary power in refusing to enter judgment for the amount of such arrears.

Since the rendition of the judgment for divorce in 1950 some $9,000 alimony installments accrued. More than half of these accrued installments were paid. As of February 1, 1960, there still remained unpaid $3,963.10.

The evidence presented to the court showed that the

respondent is still in the service and that his obligations have increased since February 9, 1950. We are reluctant to hold that the lower court abused its discretion in failing to enter judgment for the arrears as requested, because respondent has no property out of which a judgment, if entered, could be satisfied. Such a judgment unsatisfied could well prejudice him in the eyes of his superiors to his detriment without affording appellant any benefit, and could well be detrimental to her and the minor children. Despite the refusal of the court to enter judgment pursuant to NRS 125.180 appellant may still enforce her claim to the accrued installments in an independent action on the judgment, because, as such, the judgment of divorce is final. NRS 125.170; De Gategno v. De Gategno, 336 Mass. 426, 146 N.E.2d 497; Koster v. Koster, 137 Conn. 707, 81 A.2d 355; Woodhouse v. Woodhouse, 15 N.J. 550, 105 A.2d 517.

We therefore conclude that this contention of appellant is without merit.

2. On February 9, 1950, when the court rendered judgment for divorce with such provision for alimony, without expressly retaining jurisdiction relative to the support of the wife, did it thereafter have jurisdiction to modify the alimony provisions thereof?

Heretofore this court has held that unless the district court reserves jurisdiction in regard to the support of the wife, thereafter it cannot modify the original decree with respect thereto, after the term of court at which it was rendered or except under the provisions of Rule XLV of the district court. Schneider v. Second Judicial District Court, 64 Nev. 26, 176 P.2d 797; Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638; accord, Finley v. Finley, 65 Nev. 113, 189 P.2d 334, 196 P.2d 766.

In the Schneider case, supra, decided January 25, 1947, we said [64 Nev. 26, 176 P.2d 802]:

"This situation appears to be anomalous. Nevertheless, it is so provided by statute and has been settled as the law by the decision of this court on numerous occasions.

"The only remedy for this unfortunate state of the law lies entirely with the legislature by the enactment

of a provision similar to sections 138 and 139 of the civil code of California which provide that in regard to orders for the custody and support of the children the court 'may at any time modify or vacate the same,' and concerning orders for the permanent support of the wife and children 'the court may from time to time modify its orders in these respects.'

"If such legislation were enacted in this state, the district courts would then have continuing jurisdiction not only regarding custody of minor children, but also in connection with matters of support, maintenance, and education of the minor children and alimony for the wife."

Apparently because of this decision the legislature in 1947 (1947 Statutes of Nevada, ch. 70, p. 271, approved March 15, 1947) amended NCL 9462 (now NRS 125.140) so as to provide that during the minority of children the court has jurisdiction to change not only the custody provisions thereof but also the provisions relating to their maintenance and support. And in 1949 (1949 Statutes of Nevada, ch. 79, p. 98, now NRS 125.170) the legislature provided:

"1.   In divorce actions, installment judgments for alimony and support shall not be subject to modification as to accrued installments, but only as to installments not accrued at the time motion for modification is filed."

It is apparent to us that by its enactment of this latter act the legislature intended to complete the action suggested as aforesaid in the Schneider case so as to permit the court at any time to modify or vacate provisions in a divorce decree for unaccrued alimony. Koster v. Koster, 137 Conn. 707, 81 A.2d 355. Upon the rescission of Rule XLV by Rule 40, D.C.R.,[2] the limitation of six months within which to notice a motion to modify a judgment was removed, but the removal of this limitation did not affect one way or another the court's jurisdiction acquired through NRS 125.170 to modify a

---

[2]Adopted by the Supreme Court July 23, 1959, effective November 1, 1959, pursuant to NRS 2.120.

judgment for unaccrued alimony at any time after the rendition thereof. State ex rel. Jones v. Second Judicial District Court, 59 Nev. 460, 96 P.2d 1096, 98 P.2d 342. We therefore conclude that under NRS 125.170 a trial court has discretionary power at any time to modify or vacate alimony provisions of its decree (except as to accrued installments), and the record fails to disclose that the exercise of the court's discretion in this instance was arbitrary or capricious.

In reaching this conclusion we do not mean to limit in any way our decision in Schmutzer v. Schmutzer, 76 Nev. 123, 350 P.2d 142, 144. The enactment of NRS 125.170 had no effect upon the finality of judgments in this state except those judgments in divorce actions containing installment provisions for alimony, and, as to such, only with respect to installments unaccrued at the time a motion for modification is filed. The Schmutzer case did not involve alimony, and, as stated therein, "[t]he judgment in all respects except as to custody and support of minor children became final upon the expiration of six months after August 1, 1955, the date the judgment was entered." On August 1, 1955 said Rule XLV had not been rescinded.

3. Appellant assigns as error the trial court's refusal to grant her motion for allowances.

Inasmuch as the lower court had jurisdiction to modify the alimony provisions of the decree, it also had jurisdiction to allow preliminary counsel fees and suit money relating to a motion to modify such provisions. State ex rel. Groves v. First Judicial District Court, 61 Nev. 269, 125 P.2d 723; Fleming v. Fleming, 58 Nev. 179, 72 P.2d 1110. The exercise of such power rests wholly within the discretion of the court. Harwood v. Carter, 47 Nev. 334, 222 P. 280. The lower court in the exercise of its discretion, refused to grant her motion for allowances. The record discloses that the respondent is wholly without property, other than a small current bank account, and that his necessary monthly expenses and legal obligations amount to more than the salary and allowances

he receives as a tech-sergeant in the United States Air Force. The appellant's affidavit alleges that she has "no money, bonds, stocks or securities of any kind or character and that she is indebted in the sum of $1,461.94." The nature of this indebtedness does not appear. She admits ownership of a house which she inherited from her mother and the fact that she is attending college on a full-time basis. Although she alleges she has not been able to obtain employment, she fails to state whether or not she has any income other than the child support payments she receives from the respondent.

This evidence does not show as a matter of law that the court abused its discretion in refusing appellant's application for counsel fees.

The orders appealed from are affirmed. No costs are allowed.

BADT, C. J., concurs.

PIKE, J., Dissenting:

I dissent.

This dissent is from that portion of the majority opinion which holds that the enactment of NCL 9474.01 (Stats. Nev. 1949, ch. 79, p. 98, now NRS 125.170) conferred upon the district court jurisdiction to modify future payments of alimony provided to be paid under the provisions of a decree of divorce, in the absence of either a reservation of jurisdiction or stipulation of the parties.

The decree in the instant case was filed on February 10, 1950. It contained no reservation of jurisdiction to modify the amount of the monthly alimony payments ordered to be paid to the wife. The husband gave no notice of intention to move for relief under Rule XLV, District Court Rules, within the six months' period provided by that rule.

Nevada Rules of Civil Procedure became effective January 1, 1953. It is not clear that NRCP Rule 60(b) had the effect of continuing the time limitation of Rule XLV, but the Advisory Committee Notes state in part, "The rule [60(b)], as revised, is intended to preserve,

in substance, the existing rules as to finality of judgments. * * * Rule XLV of the District Court Rules is thought to be of identical effect as this rule, but is temporarily not superseded, since it is so often referred to. * * *" (P. 113, Advisory Committee Notes to NRCP.) Accordingly, if NRCP 60(b) be viewed as having perpetuated the time limitation of Rule XLV, the subsequent repeal of Rule XLV by District Court Rule 40, effective November 1, 1959, would not have had the effect of removing the time limit from the right to move for modification. Nevada Compiled Laws, 1929, 1941 Supp., sec. 9463 (now NRS 125.050, 125.150) providing that, in granting a divorce a court may award alimony to the wife, was amended by Stats. Nev. 1949, ch. 45, p. 54, approved March 9, 1949. Such amendment (now NRS 125.150, subd. (4)[1]) provided that the court might, upon written stipulation by the parties, modify alimony awarded to the wife, whether or not the court had retained jurisdiction to modify the same. Thereafter, the same 1949 session of the Legislature enacted NCL 9474.01[2] (now NRS 125.170), approved March 17, 1949. Characteristically a statute empowering a court to act contains the word "court," yet this significant word does not appear in NCL 9474.01. The statute does, however, state in effect that the parties shall not be precluded from entering into a stipulation "as to accrued installments prior to the time a motion for modification is

---

[1]NRS 125.150 "* * * (4) In the event alimony has been awarded to the wife, or the court otherwise adjudicates the property rights of the parties, or an agreement by the parties settling their property rights has been approved by the court, whether or not the court has retained jurisdiction to modify the same, such alimony so awarded, such adjudication of property rights, and such agreements settling property rights, may nevertheless at any time thereafter be modified by the court upon written stipulation duly signed and acknowledged by the parties to such action, and in accordance with the terms thereof."

[2]NRS 125.170 "1. In divorce actions, installment judgments for alimony and support shall not be subject to modification as to accrued installments, but only as to installments not accrued at the time a motion for modification is filed.

"2. The provisions of this section shall not preclude the parties from entering into a stipulation as to accrued installments prior to the time a motion for modification is filed."

filed," and in this respect is similar to the then recent amendment to NCL 9463 giving the court authority to modify alimony, upon written stipulation of the parties, without differentiating between accrued and unaccrued payments.

The legislative intent in enacting NCL 9474.01 is not clear. Such legislative intent may be viewed as having been to clarify, qualify, or restrict NCL 9463, as the same had been recently amended by Stats. Nev. 1949, ch. 45, p. 54.

Had the Legislature intended to change the established law of this state, relating to the modification of unaccrued alimony provided to be paid by divorce decrees, it could have followed the suggestions contained in the opinion of this court in Schneider v. Second Judicial District Court, 64 Nev. 26, 37, 176 P.2d 797, 802, and used the language from Cal. Civ. Code, sec. 139, relating to the support of the wife, namely, "the court may from time to time modify its orders in this respect," or language of similar import. This was not done, although in amending the statute relating to the custody of children, NCL 1929, sec. 9462, the 1947 Legislature had used the exact language from Cal. Civ. Code, sec. 138, as suggested in the Schneider opinion.

This evidenced lack of legislative intent to vest in the court jurisdiction to modify unaccrued payments of alimony, in the absence of a reservation of a right to so modify, when considered with the absence of authority supporting the view that the time limitation for moving to modify judgments was abolished by the repeal of Rule XLV, leads to the conclusion that the trial court did not have jurisdiction to strike that portion of the decree relating to unaccrued payments of alimony, and that said judgment should be reversed.