[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION FOR MODIFICATION OF CHILD SUPPORT (#107)
The defendant's motion, dated November 21, 1990, alleges a significant change in financial circumstance warranting an increase in the amount of child support being paid by the plaintiff.
The parties' marriage was dissolved in the Circuit Court, Family Court Branch, Racine County, State of Wisconsin on November 24, 1986 at which time a written "Final Stipulation" was incorporated in the judgment by reference. On June 20, 1990 the defendant filed a copy of said judgment in the Waterbury J.D. clerk's office, which is certified by the Clerk of the Circuit Court, State of Wisconsin. The defendant's attorney attached the certificate required by 46b-71.
Although the hearing was held in the Connecticut court,46b-71 (b) requires this court to apply the substantive law of the CT Page 7667 foreign jurisdiction in determining if the child support award should be modified, unless such foreign judgment contravenes the public policy of Connecticut.
The parties' stipulation contains three provisions concerning support. Article II payments entitled "Family Support" due to defendant from plaintiff terminated on December 15, 1987. Article III payments, entitled "Child Support", commencing on January 1, 1989 are at $1,400 per month until the "oldest (sic) minor child of the parties shall reach the age of majority. . ." There are other provisions concerning education pursuits not pertinent to the present issue. Article IV entitled "Maintenance" provides payments to the defendant from the plaintiff until July 31, 1989 or upon the death of either party or the remarriage of the defendant. This article contains the provision:
 "G. The parties hereby agree that consistent with the Wisconsin Supreme Court's decision in Rintelman v. Rintelman, 118 Wis.2d 587 (Sup.Ct. 1984), the respondent hereby irrevocably waives her right under the cases of Dixon v. Dixon, 107 Wis.2d 492 (Sup. Ct. 1982) and Fobes v. Fobes, 124 Wis.2d 72 (Sup.Ct. 1985) to move the court for an extension of the period of time during which limited term maintenance and family support shall be paid beyond the period of time provided for hereinabove. Either party, upon a substantial change of circumstances, shall have the right to seek modification of the amount, but not the period of time, of said limited term maintenance and family support. (Emphasis added)."
Contrary to the plaintiff's assertions, nothing in the judgment prevents modification of child support. The two cases cited by the plaintiff, Nichols v. Nichols, 469 N.W.2d 619 and Rintelman v. Rintelman, 118 Wis.2d 596 deal with spousal maintenance i.e. alimony.
The law of Connecticut and public policy of Connecticut provide a minor child's right to support cannot be contracted away by his parents, Guille v. Guille, 196 Conn. 260. Further, the minor is not a party to the divorce action and is not capable of joining in a written stipulation, i.e. agreement.
The Wisconsin judgment also incorporates a provision of the CT Page 7668 written stipulation that states:
 "The forum for all disputes shall be the Racine County Circuit Court, State of Wisconsin unless the parties otherwise agree in writing."
This court finds, that this provision contravenes Connecticut public policy for the children are Connecticut residents, have been since prior to the entry of judgment and are not bound by an agreement made by their parents. The children were not party to the agreement nor were they named parties in the divorce action. The Wisconsin judgment is incompatible with our statute, 46b-84, which obliges each parent to maintain a child in need of maintenance according to their respective abilities. This implies court intervention when necessary and a foreign state's attempt to prevent Connecticut from enforcing this parental obligation contravenes our state's declared policy.
The plaintiff next asserts that a final judgment of a sister state is entitled to full faith and credit in this state, citing Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 and Hendrix v. Hendrix, 160 Conn. 98 (1970), the latter case stating,
 "Absent jurisdictional difficulties, the judgment of a sister state must be given the same effect here as it has in the state where it was rendered. Kostner v. Kostner, 137 Conn. 707, 710, 81 A.2d 355. And, in determining the effect to be given to the foreign judgment, we must look not only to the question of its finality but also, if it is found to be subject to modification, to the extent to which the courts of the state in which it was rendered may modify it. (citations omitted).
This court finds that the child support provision in the Wisconsin judgment is subject to modification, if a substantial change in circumstances is proven.
The plaintiff is ordered to file a financial affidavit pursuant to 463, Practice Book. This matter is set down for an additional evidentiary hearing on October 15, 1991 at 10:00 a.m. before the undersigned.
HARRIGAN, J.